## ‖ Hamilton *against* Neel.

7 W 517
219  271

A mortgagee having assigned his mortgage in payment of a debt, suit was brought upon it at his instance by the assignee, and a verdict and judgment were rendered for the defendant upon proof of payment before the assignment. *Held*, that the assignment, although without guarantee, furnished no defence to the payment of the original debt due by the mortgagee to his assignee; and that the verdict and judgment in the mortgage suit were as evidence conclusive upon the mortgagee.

Subsequent admissions or parol promises of a party to an instrument of writing are not admissible in evidence to change its character or legal effect and make it different from what it purports to be.

The rule which excludes the proof of communications made by a client to his counsel is confined to cases in which the client is interested.

ERROR to the common pleas of *Alleghany* county.

This was an action of debt upon a sealed note by John Neel against Samuel Hamilton.   The note was dated the 31st of March 1814, payable on demand, and had the following indorsement upon it :  " Credit by assignment on Thomas Jones of 328 dollars, April 6th, 1814."   It appeared in evidence that Samuel Hamilton had a mortgage of Thomas Jones, dated the 7th of January 1813, and the credit indorsed upon the note in suit was in fact an assignment of 328 dollars of this mortgage by Hamilton to Neel the plaintiff.   It also appeared in evidence that in 1833 the mortgage was sued by Neel at the instance and by the request of Hamilton, who was present afterwards at the trial when a verdict and judgment were rendered for the defendant upon the plea and proof of payment to Hamilton himself before he made the assignment to Neel.   The record of this suit and trial was given in evidence.

On the trial of this cause the plaintiff offered to prove the declarations of Hamilton repeatedly made after the assignment of the mortgage, that if the money could not be collected upon the mortgage from Jones, he was bound to pay it and would pay it.   This evidence was objected to on the ground that its effect was to change the legal effect of the assignment, which contained no guarantee ; but the court overruled the objection and sealed a bill of exception.   The witness then proved the facts stated.

W. W. Fetterman was examined as a witness in the cause, and upon a question being put to him by the defendant he answered, " that all the knowledge he had upon that subject he derived from communications made to him professionally as the attorney of Thomas Jones in the suit upon the mortgage before referred to ;" and therefore he declined to answer.   On this ground the court below

VII.—2 T*

overruled the evidence, and sealed a bill of exceptions at the instance of the defendant.

Other points which arose in the cause are sufficiently stated in the opinion of the court.

*M'Candless* and *Shaler*, for plaintiff in error.
*Mahon*, for defendant in error.

The opinion of the Court was delivered by

KENNEDY, J.—The counsel for the plaintiff in error, who was the defendant in the court below, propounded nine points there, in order to have the direction of the court thereon to the jury; and now complain here that the court below erred in their direction to the jury on most of them, as also in other matters which occurred on the trial; all of which are specified and set out in the errors. A statement of the cause of action, however, and the ground and circumstances relied on for a defence, it is conceived, will show that some of the points made did not in reality arise; and will at once present the only questions of law involved in the case; from which it will appear, without further argument, that many of the things assigned for error are either untenable or inapplicable to the case.

The action was debt, founded upon a single bill given by the defendant below to the plaintiff there, bearing date the 31st day of March 1814, for the payment of 370 dollars on demand. The defendant pleaded payment, set off and the statute of limitations. This last plea is inapplicable, and therefore to be regarded as a nullity; because the bill in suit being executed under the *seal* as well as the hand of the defendant below, we have no statute limiting the time for suing upon it. No evidence appears to have been given in support of the plea of set off; and, as it would seem, the only plea relied on by the defendant below, at the trial, was that of payment. To sustain this, a mortgage bearing date the 7th of January 1813, and given by Thomas Jones to Samuel Hamilton, the defendant below, securing the payment of 700 dollars in one year after the date thereof, upon which Hamilton claimed a balance of 328 dollars to be due to him on the 6th of April 1814, was given in evidence, together with an assignment thereof by Hamilton to the plaintiff below dated as of this last day; and likewise a credit of the same date, indorsed upon the bill in suit in these words, "credit by assignment on Thomas Jones of 328 dollars, 6th of April 1814." The record also of a suit upon this mortgage, in the name of Samuel Hamilton, the mortgagee and defendant below, against Thomas Jones, the mortgagor therein named, was given in evidence, commenced in the common pleas of Alleghany county to October term 1833: wherein a trial was had on the plea of payment in January 1835; and a verdict and judgment given thereon for Jones, the mortgagor. Evidence was also given on the trial of the present cause tending to show that on the trial of the suit upon the mortgage it was proved to

[Hamilton v. Neel.]

have been fully paid by Jones, the mortgagor, to Samuel Hamilton, the mortgagee, before he assigned it to the plaintiff below in this case; and that the jury accordingly found the fact to be so: likewise that the suit upon the mortgage was instituted by the express direction of Hamilton, the mortgagee; that every direction or instruction which he gave in regard to it was complied with and strictly observed; and that he was present at the trial of the mortgage suit.

Now if the mortgage was actually paid in full to Hamilton before he assigned it to the plaintiff below, the credit given on account of it, as so much paid on the bill in suit, amounted to nothing; because it was procured by an improper and fraudulent assignment of the mortgage when nothing was due upon it; and whereon Hamilton ought, at the time, to have entered satisfaction, instead of assigning it to the plaintiff below. If, then, it be true that the suit was brought on the mortgage under the advice and requisition of Hamilton himself, as Mr Glenn testifies; that he was present at the trial of it, as both Mr Glenn and Mr Fetterman testify; and that no evidence, as it would seem to have been the case, was given of the payment of it, excepting to himself, the verdict and judgment given therein, determining that the mortgage was paid, are conclusive upon him; and he cannot now gainsay the fact in this action.　　The time therefore consumed on the trial of this cause, in giving evidence for the purpose of showing that the mortgage was not fully paid at the time of assigning it, was wholly misspent; unless the fact of Hamilton's having directed the suit to be brought on the mortgage, and his having attended to the trial of it, could have, and had also been controverted by evidence; which does not appear to have been even attempted.　　At the trial of the suit on the mortgage was certainly the time, Hamilton having notice of it, when he ought to have shown that the 328 dollars were due and remained unpaid upon the mortgage: so that without proof being made that he had no notice, and therefore no opportunity afforded him of showing on the trial of the mortgage suit that it was not fully paid, it can avail him nothing now to make such proof.　　He ought to have done it then, or at least to have apprised Neel of it, so that he might have adduced it.　　It is also clear from the evidence given on the trial of this cause that there was no evidence given on the trial of the mortgage suit which tended in any degree whatever to prove the payment of it, either in whole or in part, to any one beside Hamilton himself; nor did any thing appear from which the least presumption could be raised of its having been paid, except the evidence of the witnesses going to show a direct payment of the amount thereof in full to Hamilton himself. The mere lapse of time furnished no presumption whatever of payment; because, according to the settled rule now on this subject, no such assumption could arise from less than twenty years; but the suit was instituted upon the mortgage within nineteen years after it became suable.　　The money was not payable according to

the tenor of the mortgage until a year after its date ; and by the act of assembly no *scire facias* could be sued out upon it until after the lapse of a second year, so that the twenty years would not have been up until the 7th of January 1835, some fifteen months after the commencement of the suit.

From the evidence given on the trial of this cause, there was no pretence for claiming that the 328 dollars, credited on the bill in suit, were ever paid upon it otherwise than by the assignment of the mortgage; which according to the evidence would seem to have been a nullity, and not what it was represented to be at the time ; if so, it must be regarded as no payment at all.  If however the 328 dollars credited on the bill in suit had actually been due on the mortgage when it was assigned, and found to be so by the judgment rendered in the suit upon it, we are decidedly of opinion that the assignment according to its terms, taken in connexion with the credit entered at the same time upon the bill, amounted to a payment of the bill absolutely *pro tanto*; and that the testimony of Mr Glenn was not admissible for the purpose of showing that the assignment of the mortgage was given only as a collateral security.   But still we think Mr Glenn's testimony was admissible for another purpose, in order to show that the defendant, Hamilton, did not pretend that he had paid the 328 dollars in any other way than by the assignment of the mortgage; but on the contrary by his promising to pay it if it could not be recovered in a suit upon the mortgage thereby in effect admitted that it never had been paid otherwise. It also repelled the presumption of payment that was attempted to be raised from lapse of time.   It was also material to show that Hamilton had full notice of the commencement, prosecution and trial of the suit upon the mortgage, and consequently a complete opportunity given him of repelling and disproving the evidence adduced by the mortgagor on the trial which satisfied the jury that the latter had paid to the former the whole amount of the mortgage debt.

Regarding the evidence of Mr Glenn thus, as having no legal bearing upon the assignment of the mortgage, we are of opinion the court below erred in leaving the construction of it as a question to be decided by them.   The subsequent admissions or promises of the defendant below were not admissible to change the character and operation of the written contract previously concluded between him and the plaintiff, and to render it altogether different from what it plainly purported to be on its face : to do so, would be contrary to the rule which prohibits the introduction of parol evidence for the purpose of varying a written agreement.   It may be that Hamilton, when he made the promises testified to by Mr Glenn, conceived that the written assignment bound him not only to make the mortgage good, as still having the 328 dollars due and unpaid upon it, but likewise to make the land mortgaged, or Jones, good for the payment

[Hamilton v. Neel.]

of it: but if he did, he was clearly mistaken; for by the terms of the assignment he made no such guarantee; and had the 328 dollars been actually due on the mortgage, Neel must have borne any loss that might have arisen from the insufficiency of the mortgage premises and the inability of Hamilton to pay. But truth, which is the basis of all moral excellence and the foundation of honesty and fair dealing, bound the defendant below to make good and pay to the plaintiff below the 328 dollars, if this sum was not due on the mortgage at the time of the assignment. The court therefore ought to have instructed the jury that, according to the agreement of the parties, the whole thereof being reduced to writing, the assignment of the mortgage for the 328 dollars amounted to an absolute payment of so much of the bill in suit, and was to be deemed and taken as such, unless they believed from the evidence that the mortgage was paid off at the time of the assignment; which was most conclusively shown to be the case against the defendant below by the record of the mortgage suit, if he had notice of the trial of that suit, as testified 'to by both Mr Glenn and Mr Fetterman, and an opportunity thus afforded him of proving otherwise if the fact were so; that such payment of the mortgage rendered the assignment of it, and the credit entered on the bill on account thereof, a perfect nullity and of no avail whatever.

We also think that the court below erred in rejecting the proof which was offered by the counsel for the plaintiff in error to be given by compelling Mr Fetterman to testify as to the existence and contents of a receipt held by Jones, the mortgagor, which the latter, being unable from disease either to come or to be brought to court at the time of the trial of this cause, refused not only to show or give up that it might be brought to court and produced on the trial, but likewise refused to give any evidence concerning it under a rule of the court below taken for that purpose. The plaintiff in error having used every effort within his power to obtain and produce on the trial the paper itself, as also the testimony of Jones concerning it, without success, offered to prove the existence and contents of the receipt by Mr Fetterman, who had acquired all he knew in relation to it as the attorney at law and counsel for Jones in suits previously determined wherein Jones was interested as a party. This evidence seems to have been objected to by the counsel for the plaintiff below and overruled by the court, because all the knowledge possessed by the witness of the matter was obtained when and by his having been counsel for Jones. But surely it was an entire misapprehension to suppose that the rule which prevents counsel or attorneys at law from disclosing the communications of their clients by giving evidence of them as witnesses was applicable in this instance. Jones was no party to this action, and his rights could not be affected, either directly or indirectly, in the least by the evidence; nor yet by the result of this action, whatever it might or may be. Had Jones's situation admitted of his being brought to court on the trial as a witness

[Hamilton v. Neel.]

himself, it cannot be questioned but he might have been compelled to have produced the paper and to have testified to all he knew respecting it. It is for the protection and security of clients that their attorneys at law or counsel are restrained from giving evidence of what they have had communicated and entrusted to them in that character; so that legal advice may be had at any time by every man who wishes it in regard to his case, whether it be bad or good, favourable or unfavourable to him, without the risk of being rendered liable to loss in any way or to punishment by means of what he may have disclosed or entrusted to his counsel. But where it is impossible that the rights or the interests of the client can be affected by the witness's giving evidence of what came to his knowledge by his having been counsel and acted at the time as attorney or counsel at law, the rule has no application whatever, because the reason of it does not exist.

But still it may be proper here to observe that, notwithstanding the testimony of Mr Fetterman in this respect ought to have been admitted, it is next to impossible to discover how it can avail the plaintiff in error any thing hereafter upon another trial of the cause, unless the evidence of Mr Glenn can be overcome and disproved; and, indeed, unless the evidence given also by Mr Fetterman himself can be set aside and discredited, which shows that Hamilton, the plaintiff in error, attended to the trial of the suit upon the mortgage and was considered by Mr Fetterman, according to his evidence, "almost the same as the client," meaning, I presume, the acting plaintiff and client of Mr Glenn, who was the counsel for the plaintiff in that suit, as well as the only plaintiff whose name appeared on the record of it. Unless all this evidence can be impugned, the judgment in the mortgage suit, as has been already shown, must be considered by the jury as conclusive evidence that the mortgage debt was fully paid to the plaintiff in error himself before he assigned it to Neal; and therefore the latter will be entitled to recover from the former the 328 dollars at least, with interest thereon from the 6th of April 1814, the date of the assignment.

In order to meet one other circumstance relied on by the plaintiff in error on the trial of this case, it only remains to say, that the delay on the part of Neel in not bringing suit earlier on the mortgage than was done is of no consequence; because it cannot be pretended or admitted for a moment that the recovery on the mortgage was defeated on that ground, as has been shown by the whole course of reasoning above, nor upon any other ground than that of the whole of the debt therein mentioned having been paid before the assignment thereof. And although the correction of the errors committed by the court is not likely to vary the result of the cause upon another trial, still, as questions of fact will arise upon it which can only be determined by a jury, it must go back to be tried in that way.

Judgment reversed, and a *venire de novo* awarded.