## Wilson's Estate.

*Thorp, Bostwick, Stewart & Reed* and *C. C. Moreland,* for petitioner.

*Ralph L. Smith, Bruce Harrison* and *Morris, Walker & Boyle,* for respondent.

GRAY, J.—The petitioner prays this court to issue a subpœna *duces tecum* to Mabel F. Rankin, executrix of the estate of George H. Rankin, Esq., deceased, to produce certain letters or carbon copies of letters, being communications between said George H. Rankin, deceased, and Louisa W. Wilson, deceased, late of California.

George H. Rankin, Esq., was attorney for Louisa W. Wilson for many years and was executor of her will, which was probated in Allegheny County, Pennsylvania, and the assets of said estate within the jurisdiction of the Orphans' Court of Alleghney County were duly distributed by that tribunal.

The Probate Court of California, where Louisa W. Wilson died, refused to admit her will to probate, and granted letters of administration on her estate there.

In the California court there is a contest between the heirs-at-law of Louisa W. Wilson, deceased, and the heirs-at-law of Joseph Wilson, deceased, the late husband of said Louisa W. Wilson, as to the right to certain property in California of which Louisa W. Wilson died possessed. The commission to take the testimony of Mrs. Rankin here is for the purpose of developing testimony to trace the transmission of funds from Pennsylvania to Louisa W. Wilson in California. George H. Rankin, Esq., collected the principal and interest of certain mortgages, which he transmitted to Louisa W. Wilson, and while it is not a matter of record, from the discussion of counsel it appears that the record of the collection of the principal of certain mortgages by Mr. Rankin as attorney-in-fact for Mrs. Louisa W. Wilson is available for use in the suit in California. The purpose of taking the deposition of Mrs. Rankin is to bring on the record the evidence of the correspondence between Mr. Rankin and Louisa W. Wilson to connect with the records available showing the collection of the funds by Mr. Rankin.

Mrs. Rankin has answered the petition praying for the subpœna and objects to testifying chiefly on the ground that the communications between her late husband and Louisa W. Wilson are privileged communications between attorney and client. She also objects that carbon copies of letters would not be competent evidence, and that, therefore, it is futile to compel her to produce

these copies, and she makes the further objection that, since the California courts refused to admit the will of Louisa W. Wilson to probate there after it was admitted here, no help should be given the California court in securing the desired testimony.

Briefs were submitted by counsel for petitioner and respondent which have been carefully examined. We are inclined to the opinion that the communications between Mr. Rankin and Mrs. Wilson are not privileged. As we understand it, they are letters or copies of letters showing the remittance of money from Mr. Rankin to Mrs. Wilson, being the principal and interest on mortgages which he collected and transmitted to her as her attorney-in-fact or business agent. Under such circumstances, we do not think the communications should be held to be privileged: 40 Cyc., 2365.

But even if the communications were privileged, we are of opinion that neither Mrs. Rankin nor any of the parties to the controversy in California, some of whom are represented by counsel who appear here for Mrs. Rankin, have any right to object to the testimony on the ground that it would reveal confidential professional communications. It has been held that the rule which excluded proof of communications made by a client to his counsel is confined to cases in which the client is interested: Hamilton v. Neel, 7 Watts, 517.

And it has been held also that the right to object to the testimony of an attorney to confidential communications is in the client only; that, though the client is dead, third parties have no right of objection: Dowie's Estate, 135 Pa. 210; Padelford's Estate, 190 Pa. 35; Boyd v. Kilmer, 285 Pa. 533; 40 Cyc., 2380.

We must assume, and can very properly assume, that the California court is competent and will make a proper use of any evidence which is produced in depositions taken here. We cannot see how there is any disrespect of our Orphans' Court involved in this matter. There is no effort made to interfere with the administration of the estate over which our Orphans' Court had jurisdiction. The fact that the California courts took a different attitude in reference to the will of Louisa W. Wilson is a matter entirely for their jurisdiction. No interest of Louisa W. Wilson or her representatives is involved, nor is the estate of George H. Rankin, Esq., in anywise involved. The contest in California is between heirs-at-law of Louisa W. Wilson and heirs-at-law of her late husband. The question is apparently to be determined by proof of the source from which came the funds in the hands of Louisa W. Wilson at the time of her decease. The effort to obstruct the court in California from obtaining the testimony desired is being made by parties to the controversy in California who seek to promote their interests there by having Mrs. Rankin claim the privilege to refuse to produce the desired evidence on the ground that the correspondence was a confidential communication between her late husband and Louisa W. Wilson. Mrs. Rankin has no interest in the controversy, neither individually nor as executrix of the estate of her late husband. The parties who are using her are seeking to obtain what seems to us to be an unfair advantage over other parties to the case by suppressing her testimony. None of these parties has any right to claim a privilege nor any right to object to the testimony of Mrs. Rankin on the ground that it will reveal confidential communications between her late husband and Mrs. Louisa W. Wilson. We think justice requires that this evidence be revealed. Whether it can be made competent is for the California court to determine. This evidence will only be a link in the claim of proof. We have no means of knowing whether the rest of the chain will be supplied or not.

We feel we would be playing a very poor part to deny the California court the evidence available here, thus perhaps making what other evidence is available of no effect. We are satisfied the evidence here should be put at the disposal of the California court, and will order the subpœna to issue.

From William J. Aiken, Pittsburgh, Pa.