## Scott *versus* Scott.

1. A writing in form a deed, but in fact a will, contained a covenant of warranty of land designed to be passed by it. *Held*, that the clause, being in a will was not a covenant of warranty.

2. An express warranty must be created by deed ; a will is not a deed.

3. The instrument granted real estate to the grantee after the death of the grantor ; the grantor afterwards devised to others. *Held*, not a breach of the covenant.

4. If there had been such covenant, its breach could not occur in the life of the grantor so as to subject him or his executors after his death to an action.

5. To sustain an action on a covenant of warranty, there must be an actual or constructive eviction by title paramount.

6. Turner *v.* Scott, 1 P. F. Smith 126, recognised.

November — 1871.   Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *Erie county :* No. 130, to October and November Term 1871.

This was an action of covenant by John W. Scott against Abner Scott, executor, &c., of John Scott, deceased, with notice to Nancy Holliday and others, devisees and heirs of John Scott.

The declaration set out that John Scott in his lifetime, on the 22d of November 1849, by indenture between him and the plaintiff, did grant, &c., certain real estate (described in the declaration), to the plaintiff in fee, " after the decease of the said John Scott." The declaration further averred that John Scott did covenant, &c., with John W. Scott, that he would warrant and de-

fend the premises granted, subject to the life estate of the grantor, against all persons whatever lawfully claiming, &c. The declaration averred performance by the plaintiff and that neither the grantor in his lifetime nor the executors since his death performed the grantor's covenants, but that the grantor by his will devised the premises to his daughters. The declaration further averred that after the death of the grantor the plaintiff was in possession of the premises granted, and that the devisees of the grantor by judgment in an action of ejectment and execution thereon turned him out of possession, &c., and that the grantor did not keep his covenant in his lifetime nor had the defendant since his death.

The case was tried, March 29th 1871, before Wetmore, P. J.

The plaintiff gave in evidence the instrument containing the covenants declared on, viz. :—

"This Indenture made, &c., between John Scott, of, &c., of the first part, and John W. Scott, of, &c., of the second part, witnesseth, that the said party of the first part, as well for and in consideration of the sum of natural love and affection which he, the said John Scott, hath and beareth unto the said John W. Scott, as also that the said John W. Scott hath this day agreed to live with the said John Scott, and labor for and assist him in working the land hereinafter described, and to maintain Patience Scott, the wife of the said John Scott, if she survives him, during her natural life, &c., * * * has granted, &c., * * * and by these presents does grant, &c., unto the said John W. Scott, his heirs and assigns, all the following described pieces and parcels of land situated, &c., * * * " excepting and reserving nevertheless, the entire use and possession of said several described pieces and parcels of land with the appurtenances unto the said John Scott and his assigns for and during the term of his natural life, and this conveyance in no way to take effect until after the decease of the said John Scott, the grantor. Together, &c., subject to the reservation of a life estate as aforesaid. To have and to hold the said described pieces of land, after the decease of said John Scott, * * * unto the said John W. Scott, his heirs and assigns, to and for the only proper use and behoof of the said John W. Scott (after the death of the said John Scott), his heirs and assigns for ever. And the said John Scott, his heirs, executors and administrators, do by these presents covenant, grant and agree to and with the said John W. Scott, his heirs and assigns, that he, the said John Scott, his heirs all and singular the hereditaments and premises herein above described and granted or mentioned and intended so to be with the appurtenances unto the said John W. Scott, his heirs and assigns, against him, the said John Scott, his heirs, and against all and every person or persons whomsoever lawfully claiming or to claim the same or any part

[Scott *v.* Scott.]

thereof, subject to the life estate of the said John Scott aforesaid, shall and will warrant and for ever defend."

It was witnessed by Miron H. Hutchinson and George H. Cutler. By the will of John Scott, dated February 26th 1861, he revoked all wills, "and particularly a certain will and testament (in form as a deed), &c., witnessed by Miron Hutchinson and George H. Cutler. And I hereby give and assign as the reason of revoking and making void said will, that my son, John W. Scott, and his wife have failed to treat me with filial affection, and to comply with the conditions upon which I made said will. I give and bequeath, &c. * * * Subject to the above, I give and bequeath all my personal property and real estate of whatever name and nature and wheresoever situated to my daughters Nancy Holliday, Anna Sanford and Parney P. Turner, and my son Abner Scott, to be equally divided between them, to them and their heirs and assigns for ever." * * *

He appointed Abner Scott the executor of his will. Subsequently to November 22d 1849, John Scott made a deed of the premises to Abner Scott in trust for himself and the daughters of John Scott.

The plaintiff went into possession with the grantor under the instrument of November 22d 1849. Upon the allegation that the plaintiff had not complied with his agreement to work the farm, &c., the grantor left the premises, brought an action of ejectment and under it recovered the possession, and whilst in possession made his will as above stated.

'After his death the devisees in the will went into possession under it; the plaintiff brought an ejectment against them and recovered the possession (Perry *v.* Scott, 1 P. F. Smith 119). The devisees afterwards brought an ejectment against the plaintiff in which they recovered a judgment on the ground that the instrument of November 22d 1849, was a testamentary writing and revocable, and had been revoked by John Scott's will (Turner *v.* Scott, 1 P. F. Smith 126). On this judgment an habere facias was issued and the devisees put into possession. This action was then brought on the covenant of warranty in the instrument of November 22d 1849.

The defendant's 4th point was :—

The will of John Scott being the mere expression of the desire of the testator, and of a later date than the instrument under which plaintiff claimed, cannot constitute such paramount title as to be the foundation of an action of covenant for breach of the warranty, and the quit-claim deed of a later date offered in evidence would not constitute such breach.

The court answered :—" In answer to the defendant's 4th point we say, the will and deed made subsequently to the 22d day

of November 1849, are a breach of the covenant contained in the instrument dated November 22d 1849.''

The defendant's 10th point, which was negatived, was :—

'' The covenant of warranty only warranted the possession after the death of John Scott; there could be no breach of the covenant during his life.''

There was much evidence in the case and several questions of law raised;—what is above given will sufficiently illustrate the decision of the Supreme Court.

The verdict was for the plaintiff for $6146.50.

The defendant took a writ of error and assigned for error (amongst others), the answers to his 4th and 10th points.

*S. E. Woodruff*, for plaintiff in error.—As to the 4th point cited Dobbins *v.* Brown, 2 Jones 79; Co. Litt. 385 b; Rawle on Covenants for Title 327; Seymour's Case, 10 Rep. 96; Piatt *v.* Oliver, 3 McLean 96; Kirchenval *v.* Triplet, 1 A. K. Marsh. 495; Sheppard's Touchstone 186.   When there is an express covenant none can be implied: Rawle on Covenants 356; Nokes's Case, 4 Rep. 81; Merrill *v.* Frame, 4 Taunt. 329; Frontin *v.* Small, 2 Raym. 1419.   As the the 10th point he cited Rowan's Appeal, 1 Casey 295.

*G. H. Cutler* and *J. C. Marshall* (with whom was *F. F. Marshall*), for defendant in error, cited as to the binding effect of the covenant in the instrument of November 22d 1849: Cannel *v.* Buckle, 2 P. Wms. 243; Brinker *v.* Brinker, 7 Barr 53; Turner *v.* Scott, 1 P. F. Smith 126; Johnson *v.* McCue, 10 Casey 180; McMullin *v.* Glass, 3 Casey 151.

The opinion of the court was delivered, January 9th 1872, by

SHARSWOOD, J.—We agree entirely with the zealous and able counsel for the defendant in error, who say, in their printed argument, that this case presents a single point: '' Can an action be sustained by John W. Scott against the executor of John Scott, upon the covenant of John Scott, made the 22d day of November 1849, which was broken by John Scott in his lifetime, and fully performed and kept by John W. Scott on his part ?''

The covenant referred to, that upon which this action is based, is contained in an instrument of writing, which, though in form a deed, was held by this court, in Turner *v.* Scott, 1 P. F. Smith 126, to be a last will and testament, and, therefore, ambulatory until the death of the testator, and revocable and actually revoked by his subsequent will, dated February 2d 1861.

How can an action be sustained on a revocable and revoked instrument?

It is settled, indeed, by the best authority in the law, that an ex-

[Scott *v.* Scott.]

press warranty cannot be created without a deed, and a will in writing is no deed, and, therefore, an express warranty cannot be created by will: Coke's Litt., 386 *a*. If a warranty cannot be so created, it follows that a covenant of warranty cannot; for the one necessarily follows the nature of the other. But even admitting that there was a subsisting covenant, there was no breach of it by John Scott, which would subject him to an action upon it, in his lifetime, or his executors after his death. By the very terms of the instrument he had the right of possession during his life, "it was in no way to take effect until after the death of the said John Scott." To sustain an action upon a covenant of warranty, there must be either an actual or constructive eviction by title paramount. The learned judge below, in his answer to the defendant's fourth point, instructed the jury that the will and deed of John Scott, made subsequently to the 22d November 1849, was a breach of the covenant contained in the instrument dated November 22d 1849. No authority has been or can be cited to support the position that a deed or will subsequently made by a grantor is itself a breach of the covenant of warranty contained in his conveyance, more especially when such deed or will is a lawful act.

All the authorities are the other way: Clark *v.* McAnulty, 3 S. & R. 364; Paul *v.* Witman, 3 W. & S. 407; Rawle on Covenants of Title 240.

Judgment reversed.

AGNEW, J., dissented.