# McCune v. Scott, Appellant.

*Deed—General warranty—Action on covenant.*

Where a deed with general warranty is made to two persons as tenants in common, and after the breach of the warranty, the grantor settles with one of the tenants in common, who, however, in the memorandum of settlement, stipulates that the settlement shall not embrace nor interfere with the claim of the other tenant in common against the grantor, and subsequently the other tenant in common sues the grantor for breach of the covenant, the latter cannot object that the suit should have been brought jointly by the two tenants in common.   The defendant in settling with one of the tenants in common severed their interests, and he will not be permitted to ignore his own act.

*Deed—General warranty—Notice—Trespass—Timber.*

Where two tenants in common have taken title under a deed of general warranty, and are sued by the real owners of part of the land for cutting the timber on such part, and their grantor employs counsel and defends the suit, which results in favor of the plaintiffs, the grantor cannot, in a suit against him for breach of the warranty, be heard to allege that no notice had been given to him to defend the suit against his grantees.

*Evidence—Attorney and client—Privileged communications.*

Where the grantees of timber land under a deed of general warranty are sued by the real owners for cutting the timber, and the grantor in the deed employs counsel, who is also counsel of record for the grantees and defends the suit which results in favor of plaintiffs letters addressed by one of the grantees to the attorney are admissible in a subsequent action by one of the grantees against the grantor for a breach of the general warranty.

*Deed—General warranty—Notice by grantor to bring ejectment.*

Where the grantees of timber land under a deed of general warranty are sued by the real owners for cutting the timber and the suit is defended to the court of last resort, but results in favor of the plaintiffs, the grantor in the deed of general warranty cannot call upon the grantees to bring an ejectment against the plaintiffs in the trespass suit, unless he pays the judgment in the trespass suit, or tenders security for the expenses of the ejectment.

Argued May 17, 1901.   Appeal, No. 94, April T., 1901, by defendant, from judgment of C. P. Fayette Co., Sept. T., 1898, No. 242, on verdict for plaintiff, in case of Adley C. McCune v. Noah Scott.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.   Affirmed.

Assumpsit for a breach of general warranty.

At the trial it appeared that on December 10, 1889, Noah Scott, the appellant, conveyed to A. C. McCune and H. M. Lytle the surface and timber of three contiguous tracts of land in Somerset county, containing in the aggregate 666 acres, for the consideration of $10,000.    The deed contained a clause of general warranty.

Ernest and Sarah J. Eifert subsequently brought an action of trespass against McCune and Lytle in the court of common pleas of Somerset county, at No. 39, December term, 1891, for cutting timber on a strip of land containing sixty-seven acres, which was part of the land conveyed by Scott to Lytle and Mc-Cune, and recovered a verdict for $1,500, and on appeal the judgment was affirmed by the Supreme Court.

After the judgment had been affirmed by the Supreme Court and before the payment thereof by Lytle and McCune, Noah Scott, the warrantor, served a written notice on both Lytle and McCune, demanding that they bring an action of ejectment against Ernest and Sarah Eifert for the recovery of the disputed land, but this notice was not obeyed, and sometime thereafter Lytle and Scott effected a compromise by which a certain sum was paid to Lytle, and he released Scott from all further liability, but expressly provided that the settlement was not to interfere with any claim that McCune might have against Scott.

Plaintiffs' points were as follows :

1. That if the jury believe from the evidence that Noah Scott actually defended the action of the Eiferts against Lytle and McCune, at No. 39, December term, 1891, in the court of common pleas of Somerset county, that such action on his part constituted a waiver by him of any notice from said Lytle and McCune to the effect that he must defend said action, and that they would hold him responsible under his covenant of warranty contained in his deed to them for the portion of the premises embraced in said action.    *Answer :* Affirmed. [10]

2. That if said Scott did so defend said action he thereby made himself responsible upon his covenant of warranty in the deed aforesaid, irrespective of and without any notice from his said vendees, Lytle and McCune.    *Answer :* Affirmed. [11]

Defendant's points are as follows :

1. Under the pleadings and all the evidence in the case the verdict must be for the defendant. *Answer :* Refused. [12]

2. As the deed in suit conveyed the lands to H. C. Lytle and A. C. McCune jointly, and there being no proof of a conveyance or assignment of any kind from H. M. Lytle to A. C. McCune, the plaintiff, and the action having been brought in the name of A. C. McCune alone, the plaintiff cannot recover and the verdict must be for the defendant. *Answer :* Refused. [13]

3. Under the deed which conveys the land jointly to H. M. Lytle and A. C. McCune, and the testimony of the plaintiff, McCune, as to partnership between Lytle and McCune as the Markleton Lumber Company, the receipt and release of H. M. Lytle to Noah Scott, offered in evidence by the plaintiff, operated as an extinguishment of all claims by both Lytle and McCune for the loss of any of said lands claimed by Ernest and Sarah J. Eifert. *Answer :* Refused. [14]

4. If the warranties in the deed intended to hold Noah Scott liable on his warranty, when the suit of Eifert and wife was brought against them, they were bound to give Scott distinct and unequivocal notice to defend said suit, and also to give him explicit notice that in the event of a recovery by the Eiferts in said suit they would have recourse to him on his warranty in the deed, and not having given either of such notices, under the evidence in the case the verdict must be for the defendant. *Answer :* If the warranties in the deed intended to hold Noah Scott liable on his warranty, when the suit of Eifert and wife was brought against them, they were bound to give Scott distinct and unequivocal notice to defend said suit, and also to give him explicit notice that in the event of a recovery by the Eiferts in said suit, they would have recourse to him on his warranty in the deed; but if the jury believe from the evidence that Noah Scott actually defended the action of the Eiferts at No. 39, December term, 1898, then such action on his part constituted a waiver by him of any notice of said Lytle and McCune to the effect that he must defend such action and they would hold him responsible under his covenant of warranty contained in his deed to them for the portion of the premises described in said action. [15]

5. It being an admitted fact that before Lytle and McCune paid the judgment recovered against them by Eifert and wife,

Noah Scott served a written notice on both Lytle and McCune, demanding that they bring an action of ejectment for the recovery of the land in dispute, and as Lytle and McCune brought no such action of ejectment and paid no attention to the notice, therefore the plaintiff cannot recover in this action, and the verdict must be for the defendant. *Answer:* Refused. [16]

Verdict and judgment for plaintiff for $1,349.15. Defendant appealed.

*Errors assigned* among others were (10–16) above instructions, quoting them.

*W. H. Ruppel,* of *Coffroth & Ruppel,* with him *A. D. Boyd* and *J. R. Scott,* for appellant.—If vendees expect to hold the warrantor responsible for an eviction by a third party, they must give the warrantor notice to defend in an action brought against the vendees, and this notice must be twofold: Collingwood v. Irwin, 3 Watts, 306; Paul v. Witman, 3 W. & S. 407; Knepper v. Kurtz, 58 Pa. 480.

An attorney should not be permitted to produce letters of his client for the purpose of proving that the client testified falsely: Heister v. Davis, 3 Yeates 4; Beltzhoover v. Blackstock, 3 Watts, 20; Paxton v. Steckel, 2 Pa. 93; Moore v. Bray, 10 Pa. 519; Miller v. Weeks, 22 Pa. 89; Bennett's Est., 8 W. N. C. 287; Com. v. Moyer, 11 W. N. C. 34; Bacon v. Frisbie, 80 N. Y. 394; Root v. Wright, 84 N. Y. 72; Chirac v. Reinicker, 11 Wheaton, 280.

When a joint interest is created, either by parties or by act of law, the covenantees cannot sever in the action: Paul v. Witman, 3 W. & S. 407; McClure v. Gamble, 27 Pa. 288; Lloyd v. Lynch, 28 Pa. 419; Calvert v. Bradley, 57 U. S. 580.

The notice to bring ejectment should not have been ignored.

*D. W. McDonald,* with him *Nathaniel Ewing* and *James R. Cray,* for appellee.—The letters were not privileged: Goodwin's Gas Stove & Meter Co.'s App., 117 Pa. 514; Seip's Est., 163 Pa. 423; Hummel v. Kistner, 182 Pa. 216.

The action was properly in the name of McCune alone: Blake v. Everett, 1 Allen (Mass.), 248.

Lytle and McCune had a right of action upon Mr. Scott's,

warrant of title immediately upon the determination of the Ei-fert suit without first bringing an ejectment against the Eiferts, even though notified so to do : Clarke v. McAnulty, 3 S. & R. 363 ; Poyntell v. Spencer, 6 Pa. 254; Wilson v. Cochran, 46 Pa. 229 ; Schuylkill & Dauphin R. R. Co. v. Schmoele, 57 Pa. 271 ; Scott v. Scott, 70 Po. 244 ; Hoeveler v. Fleming & Co., 91 Pa. 322; McGrew v. Harmon, 164 Pa. 115.

OPINION BY BEAVER J., October 14, 1901 :

The defendant conveyed to the plaintiff and H. M. Lytle, as tenants in common, three contiguous tracts of land in Somer-set county, containing 214 acres, 424 acres and twenty-six acres and sixty-seven perches respectively, for the consideration of $10,000, with covenant of general warranty. The Markleton Lumber Company, composed of the plaintiff and Lytle, removed the timber upon a portion of this land, containing sixty-seven acres, which was subsequently claimed by Ernest and Sarah J. Eifert who brought an action of trespass against them, claiming treble damages, in which a recovery was had, and, upon appeal to the Supreme Court, the judgment of the court below was af-firmed. The defendants paid the judgment. Subsequently defendant made a settlement with Lytle, the memorandum of the settlement reciting a consideration of $250 and providing : " This settlement, however, shall not embrace or interfere with any claim that A. C. McCune, my former partner in the premises, may make for any sum, due him as an individual or former partner to the extent of his share or interest in the said judg-ment and in the said shortage above mentioned."

The appellant argues the sixteen several assignments of error under five distinct propositions.

1. The first in logical order embraces an exception to the character of the action, alleging that, inasmuch as the deed was to McCune and Lytle as tenants in common, the right of action was joint and not several and that the action as brought, could not, therefore, be maintained. There would be plausibility in the position and force in the argument, if the defendant had not made the settlement with Lytle and taken a release from him which expressly reserves McCune's rights in the judgment which the Eiferts obtained against him and Lytle as against the defendant under the breach of the covenant of general

warranty contained in his deed. The defendant himself, by making the settlement with Lytle and accepting the release containing this exception or reservation, severed the interests of Lytle and McCune and thereby gave the latter the right of action for damages which he seeks to enforce in the present suit. He should not be permitted to ignore his own act. We think the action was properly brought and is, under the circumstances, maintainable.

2. Several of the assignments of error relate to the admission of testimony relating to the relative value of the part claimed by the Eiferts in their suit and one of the tracts of 242 acres embraced in the deed from the defendant to McCune and Lytle. The court was perhaps somewhat liberal in the admission of testimony in regard to the value of the land claimed by the Eiferts but there was at no time a recognition of any rule in regard to the measure of damages which was at variance with the true rule, as laid down by the court, both in the general charge and in the answer to defendant's points. The only apparent object of the admission of the testimony was to give the jury a basis upon which they could find the relative value of this tract or portion of the land as compared with the entire body of lands conveyed in the deed. The plaintiff concedes in his argument that, if the sixty-seven-acre tract in dispute was more valuable proportionately than the remaining 597 acres, the plaintiff would be entitled to recover, if at all, in that proportion, and admits further that the court, in affirming the points in the general charge, stated the rule correctly but alleges that the jury in some vague way which is not clearly stated were misled on this question. But the rule was so clearly stated that we cannot see how intelligent men could assess the damages in any other way than in accordance with what was conceded by both parties to be the true rule.

3. The appellant alleges that no notice of any kind was given him to defend the suit brought by the Eiferts against McCune and Lytle and that he was not, therefore, liable under the covenant of warranty; but the evidence clearly shows that he had an appearance and plea entered without notice, that he employed counsel who tried the suit and was not only entirely conversant with every step taken in regard to it but was the real defendant and his actions are only to be accounted for upon the

ground that he so considered himself. The court clearly recognized in the answer to the defendant's fourth point the rule in regard to notice and left it to the jury to say whether or not Scott had actually defended the action of the Eiferts against McCune and Lytle. The answer was as follows : " If the warrantees in the deed intended to hold Noah Scott liable on his warranty when the suit of Eifert and wife was brought against them, they were bound to give Scott distinct and unequivocal notice to defend said suit and also to give him explicit notice that, in the event of a recovery by the Eiferts in said suit, they would have recourse to him on his warranty in the deed ; but, if the jury believe from the evidence that Noah Scott actually defended the action of the Eiferts at No. 39, December term, 1898, then such action on his part constituted a waiver by him of any notice from said Lytle and McCune to the effect that he must defend such action and they would hold him responsible under his covenant of warranty contained in his deed to them for the portion of the premises described in said action." We can see no fault in this instruction and Scott's acts in defending the action, as the jury evidently found he did, can only be explained on the ground that he regarded himself as being liable for whatever might be recovered against McCune and Lytle in the action of trespass brought by the Eiferts against them. His motives, as shown by his acts, cannot be explained upon any other hypothesis.

4. Lytle, McCune's tenant in common, was called as a witness to show in part that Scott had not defended what was known throughout the trial as the Eifert case. In order to contradict the witness, the plaintiff offered in evidence certain letters written by him to Mr. Koozer, the attorney for the defendants in the Eifert case, in regard to the conduct of it. Objection was made by the defendant that these contained privileged communications to Lytle's attorney and could not, therefore, be used in evidence against him. There is no dispute as to the true rule which governs in such cases. If Lytle and McCune had been the parties to the suit and Koozer had been Lytle's attorney, they would, of course, have been incompetent, but they were letters written by Lytle, on behalf of McCune and Lytle, which tended to show that Scott was actually defending the Eifert case and that they were simply

assisting him as best they could and that they expected to hold Scott for anything which might be recovered against them. The rule as to confidential communications to attorneys was not violated in any way and indeed, if Lytle and McCune had been at variance with each other, we do not see why the letters written on behalf of both might not have been used by either, without any violation of the rule. Koozer was the attorney, not of Lytle but of McCune and Lytle and the communications which he received from Lytle were on behalf of both. He was, therefore, the adviser of both of them and, as was said in Goodwin Gas Stove & Meter Company's Appeal, 117 Pa. 514, " The matters communicated to him by either one of the parties were not in their nature private and, therefore, could not have been the subject of any confidential disclosure." In Seip's Estate, 163 Pa. 423, it was held, as stated in the syllabus: " Where several persons employ the same attorney in the same business, communications made by them in relation to such business, while privileged as to their common adversary, are not privileged inter sese." If these communications would not have been privileged, as we think is clearly the case, in a contest between Lytle and McCune, a fortiori, they could not be privileged in a contest between McCune and Scott. We think the letters were properly received.

5. The only other remaining point discussed by the appellant relates to the notice given by the defendant to the plaintiff to bring an ejectment against the Eiferts after the action of trespass had been tried and judgment had been rendered against them therein. The action of trespass was contested by the defendants therein as long as it was possible to carry on a contest. After judgment was entered in the court below, an appeal was taken to the Supreme Court, in which that judgment was affirmed. The timber, which was the valuable part of the land, had been removed and the defendants had no further interest therein. The final judgment in trespass was, at least so far as the timber was concerned, a complete ouster. They were not compelled to incur the expenses of additional litigation, unless the defendant in some way indemnified them therefor. If he had paid the judgment recovered by the Eiferts and had tendered security for the expenses to be incurred in the ejectment, the duty of the plaintiff and his cotenant Lytle to institute

and maintain the ejectment might at least be a debatable question, but they were certainly under no obligation with this judgment in trespass staring them in the face or which perhaps had been actually paid at the end of all the litigation which which was possible under the circumstances, to institute an action of ejectment for the benefit of the defendant. All that is necessary to sustain an action on a covenant of warranty is an actual or constructive eviction by title paramount: Scott v. Scott, 70 Pa. 244. This paramount title was shown and enforced in the action of trespass maintained by the Eiferts. There was no error, therefore, in the refusal of the defendant's fifth point, as contained in the sixteenth assignment of error.

A consideration of all the assignments of error, which embrace practically only the points herein discussed, discloses no error and they are, therefore, all overruled.

Judgment affirmed.