## Swayne, Appellant, *v.* Swayne.

*Contract—Parol contract to convey real estate—Measure of damages.*

In an action to recover damages for the breach of a parol contract under which the defendant paid the entire purchase money of real estate and agreed to convey the same to plaintiff upon the repayment of the purchase money, the measure of damages is not the difference between the actual value of the land and the amount which the defendant paid therefor, but only the actual damages sustained by virtue of the breach.

The statute of frauds, although preventing specific performance of a parol contract to convey land, does not prevent an action for damages for a breach of the contract. To allow a recovery for the value of the land would be equivalent to specific performance, and therefore the value of the land cannot be shown in order to determine the measure of damages.

*Evidence—Competency of witness—Attorney at law—Privilege.*

In an action to recover damages for the breach of a parol contract, an attorney at law who was attorney for the defendant, and the husband of the plaintiff, in another transaction which had no reference whatever to the case on trial, may be called as a witness to contradict the testimony of the husband of the plaintiff as to a conversation which took place between him and defendant. In such a case the attorney is not the attorney for the plaintiff, and even if he were, he is not thereby excluded from testifying under the circumstances.

Where several persons employ the same attorney in the same business, communications made by them in relation to such business, while privileged as to their common adversary, are not privileged inter sese.

Argued Nov. 20, 1901. Appeal, No. 91, Oct. T., 1901, by plaintiff, from judgment of C. P. Chester Co., Aug. T., 1900, No. 46, on verdict for defendant in case of Josephine E. Swayne v. Charles H. Swayne. Before Rice, P. J., Beaver, Orlady, W. W. Porter and W. D. Porter, JJ. Affirmed.

Assumpsit to recover damages for the breach of a parol agreement to convey real estate. Before HEMPHILL, P. J.

At the trial it appeared that at an orphans' court sale plaintiff had purchased real estate for $610. The return of the sale was amended so as to show a sale to the defendant. It was alleged that the defendant paid the whole of the purchase money, agreeing that when this amount was repaid to him he would convey the land to plaintiff. Under objection and exception, the court refused to admit evidence as to the actual value of the real estate at the time of the orphans' court sale. [1]

When George B. Johnson, Esq., an attorney at law, was on the stand, he was asked this question:

Mr. Pennypacker: " Q. You were counsel for both of them? A. Yes, sir; and also in the recovery for them of whatever was coming to them in the estate of James Chalfant, and they were to see me together on that business a number of times. One Friday evening, I think in the early part of February, they came to my office in Kennett Square and told me about the purchase."

Mr. Pennypacker: I object to any communication made to this witness by William Swayne while they were occupying the confidential relation of counsel and client. A. This had nothing to do with my information.

Mr. Pennypacker: He has already testified that he was counsel for both these gentlemen, not only in the estate of Rachel Chalfant, deceased, but also in the estate of James Chalfant, deceased, engaged in collecting both their shares from these estates.

Objection is made to any disclosure of any statements made to the witness by his client, William P. Swayne, in the absence of the plaintiff in this action. Objection overruled.

To which ruling counsel for plaintiff excepts, and prays the court to seal a bill of exceptions thereto, which was accordingly done. [2]

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (1, 2) rulings on evidence, quoting the bill of exceptions.

*Charles H. Pennypacker*, for appellant.—The measure of damages was the difference between the actual value and the price at which the defendant got the land: Rice v. Olin, 79 Pa. 391; Theiss v. Weiss, 166 Pa. 9.

Actions for damages on parol contracts for land are sustainable in Pennsylvania: Moore v. Small, 19 Pa. 467.

An attorney is not only privileged but bound to keep secret all communications made to him by a client, while acting in the capacity of a legal adviser: Kant v. Kessler, 114 Pa. 603.

*R. T. Cornwell,* with him *John J. Green* and *Gibbons Gray Cornwell,* for appellee.—In an action for the breach of a parol contract for the conveyance of land in consideration of money paid and services rendered, the damages are to be measured by the amount of the consideration and not by the value of the land: Hertzog v. Hertzog, 34 Pa. 418, overruling Jack v. McKee, 9 Pa. 235, and kindred cases; Dumars v. Miller, 34 Pa. 319; McNair v. Compton, 35 Pa. 23; Malaun v. Ammon, 1 Grant, 123; Ewing v. Thompson, 66 Pa. 382.

There was no evidence that George B. Johnson was counsel for William P. Swayne in this transaction, nor had it any relation to matters in which he did represent him, nor was he counsel for the plaintiff.

OPINION BY BEAVER, J., January 21, 1902:

Plaintiff brought her suit in assumpsit to recover damages for the breach of a parol contract alleged to have been made by the defendant to convey real estate purchased by the latter at an orphans' court sale for the plaintiff, returned by the administrator as sold to the plaintiff but the return of which, at her request, was subsequently amended, so as to show a sale to the defendant. The defendant paid the entire purchase money and promised subsequently, as the plaintiff alleged, to convey the property to her, upon the repayment of the amount which he had been compelled to pay in discharge of his bid. The plaintiff subsequently tendered the amount of his bid without interest and demanded a conveyance which the defendant refused. The action was for damages for the refusal to convey, in accordance with the alleged promise. The question of the promise or parol agreement to convey was submitted to the jury and found in favor of the defendant.

The questions raised by the appellant were, first, the refusal of the court to admit an offer of testimony to show the actual value of the Unionville property at the time of its public sale, claiming that the measure of damages was the difference between the actual value of the property and the amount paid for it by the defendant. The court refused the offer. A similar offer was subsequently several times made and the first assignment of error covers three several bills of exceptions relating to the testimony of different witnesses. The assignment might be dismissed under our rules on this ground; but, inasmuch as it may be regarded as good as to one of the bills of exceptions, we may so consider it.

In view of the verdict of the jury, the question as to the admissibility of the testimony is neither practical nor material for, having found for the defendant upon the main question, they did not consider and did not reach the point where they could consider the question of damages. The evidence, however, was properly excluded. The measure of damages was not the difference between the actual value of the land and the amount which the defendant paid therefor, but only the actual damages sustained by virtue of the breach. In Hertzog v. Hertzog, 34 Pa. 418, it is held that the statute of frauds, although preventing specific performance of a parol contract to convey land, does not prevent an action for damages for a breach of the contract, and it is clearly pointed out that to allow a recovery for the value of the land would be equivalent to specific performance and that, therefore, the value of the land cannot be shown, in order to determine the measure of damages, but only the actual value of the services or the money paid. In this case, however, no money was paid, no services rendered and the damage would be simply, as held by the court, what was sustained by the plaintiff in removing from the premises. Hertzog v. Hertzog, although overruling a number of previous cases, was the unanimous opinion of the court and is so thoroughly grounded in reason and has been followed so constantly since that there can be no question in regard to the principle upon which it rests. The offer was, therefore, properly rejected.

The second assignment of error relates to the admission of the testimony of Johnson, the attorney for the defendant and the husband of the plaintiff, in another transaction which had

no reference whatever to the issue in this case. Johnson was the attorney of the defendant in securing the amendment to the return of sale herein before recited. He was offered as a witness to contradict the testimony of William P. Swayne as to the conversation which took place between him and the defendant. The testimony was clearly competent. The conversation took place in the office of the attorney, when the defendant and William P. Swayne were together consulting him in regard to an entirely distinct transaction, in which he was attorney for both. The mere fact that they were there together did not make him the attorney of the plaintiff and the defendant in this transaction; and, even if it had, he was not thereby excluded from testifying under the circumstances. We have lately considered this question in McCune v. Scott, 18 Pa. Superior Ct. 263, in which Seip's Estate, 163 Pa. 423, is quoted as holding: " Where several persons employ the same attorney in the same business, communications made by them in relation to such business, while privileged as to their common adversary, are not privileged inter sese." Even if the evidence had related to the transaction in which Johnson was attorney for both William and Charles Swayne, we think the evidence would have been admissible; but, so far as the transaction involved in this suit was concerned, he was not the counsel for both but acted for Charles and was, therefore, a competent witness.

The assignments of error are both overruled and the judgment affirmed.