## White v. Aka, or Arka.

*Agreement to pay for services by legacy—Discharge—Breach of contract—Quantum meruit.*

Where services are performed in pursuance of a contract to leave property by will to the promisee, and the promisor makes and delivers such will to the promisee, and it is not claimed that he ever revoked it, the promisee cannot recover on a *quantum meruit* against the promisor after being discharged from service, and before his death.

Statutory demurrer. C. P. Lancaster Co., Nov. T., 1921, No. 8.

*B. F. Davis*, for plaintiff; *John E. Malone*, for defendant.

LANDIS, P. J., April 8, 1922.—The statement filed by the plaintiff avers that on or about May 6, 1906, the defendant employed the plaintiff as his housekeeper, and, after working a short time, she left his employment; that he then asked her to come back, and agreed that, if she did so, he would by will leave her all his real and personal property. It is not alleged that she was to come for any specific time, and while it was probably meant that she was to remain during her life, the statement makes no such claim. It is admitted that, in accordance with the agreement, the defendant, on Jan. 25, 1908, made a will, in which he provided that, after the payment of his debts, all his real and personal estate should go to her, and of this will he appointed her the executrix. He gave the will to her, and it is now in her custody. It is not asserted that he ever revoked it. It is averred that she worked for him until Sept. 25, 1921, when he discharged her, and by reason of this she now claims $3540 for her services on a *quantum meruit*. The point raised by the defendant is that, as the parties made an express contract, she cannot recover on an implied contract without showing a breach on his part, and that in no event can she maintain her action until his death, and then only if he revokes the provisions of his said will.

"A valid and enforceable agreement by one party to devise or bequeath certain property to another party calls for performance according to its terms, and is not satisfied by a devise or legacy of property of less value than that agreed upon, or of a smaller estate, or upon conditions, when the agreement was for an absolute and unconditional bequest:" 40 Cyc., 1067. Therefore, "where services are performed in pursuance of a contract to leave property by will to the promisee, and the promisor fails to comply with the agreement, a recovery may be had against his estate for the reasonable value of the services:" 40 Cyc., 1069; Moorhead v. Fry, 24 Pa. 37; Unger's Estate, 20

Pa. C. C. Reps. 168; Stem's Estate, 10 Kulp, 174. "The measure of damages in an action for the breach of such promise is the value of the services rendered:" Graham *v.* Graham's Executors, 34 Pa. 475.

It has, however, been held that, "as a contract of this nature necessarily cannot be completely performed until the death of the promisor, a breach cannot occur before that time:" 40 Cyc., 1067; Scott *v.* Scott, 70 Pa. 244. "No right of action accrues to the promisee until the death of the promisor and his failure to comply with the agreement:" 40 Cyc., 1071; Bash *v.* Bash, 9 Pa. 260.

An exception, however, seems to be made to this rule. "If the promisor clearly and unequivocally repudiates the contract in his lifetime, the cause of action arises, and the statute of limitations commences to run from the date of such repudiation:" 40 Cyc., 1071.

In this case it is admitted that the defendant made a will in accordance with his contract in favor of the plaintiff, and it is not claimed that he ever revoked it. There is, therefore, no breach of the contract set forth in the statement, and at this time it would appear that the plaintiff has no ground upon which to rest her action. For this reason, the question of law is decided in favor of the defendant, without prejudice.

Question of law decided in favor of the defendant, without prejudice.

From George Ross Eshleman, Lancaster, Pa.