## Moore v. Klinger et ux.

*C. Edmund Wells*, for plaintiff.
*Wright, Mauck & Hawes*, for defendants.

KNIGHT, P. J., December 5, 1946.—These are the important averments of the bill, which for our present purpose we must assume as true:

Defendants owned a property in Pottstown, which they placed in the hands of plaintiff, a real estate broker, for sale.

The broker obtained a buyer for $11,000, but one of the conditions of the offer was that defendants were to take back a purchase money mortgage for $9,000.

Plaintiff then entered into a written agreement with defendant, Russell E. Klinger, by the terms of which Klinger agreed to sell and plaintiff agreed to buy the premises for $10,000 cash.

It was the intention of plaintiff to sell the property to his prospect for $11,000, the difference of $1,000 representing plaintiff's commission, and a profit for financing the property for prospect. The entire transaction was fully disclosed to defendants and the prospective buyer. When the time of settlement arrived, defendants refused to go through with the deal.

The written agreement between plaintiff and defendant, Russell E. Klinger, does not mention Ruby H. Klinger, wife of Russell, as one of the sellers, nor did she sign the document. Russell E. Klinger represented to plaintiff that he had full authority from his wife, Ruby, to sell the property to plaintiff, and that subsequently Ruby ratified the sales agreement, but not in writing.

The bill avers:

"3. Defendants have attempted to sell and dispose of the said premises for the purpose of liquidating and concealing their assets and fraudulently removing the same from plaintiff's rightful claim.

"4. That the signature of defendant, Ruby H. Klinger, to the said agreement was fraudulently withheld for the purpose of attempting to avoid said agreement in the event a more advantageous sale should appear and that defendants fraudulently refused to perform said agreement in order to otherwise dispose of the said premises to their own advantage."

The bill prays that the court:

Fix the amount of money plaintiff is entitled to receive from defendants for the breach of contract.

That defendants be restrained from in any way encumbering, selling or conveying said premises so as to conceal or remove their assets.

The sufficiency of the bill is challenged, for the following reasons:

Defendant, Ruby H. Klinger, is not a party to the written agreement of sale, and the averments of the bill are not sufficient to meet the requirements of the statute of frauds.

Plaintiff has an adequate remedy at law.

It will be noted that plaintiff is not seeking specific performance of a contract for the sale of real estate. What plaintiff wants is a decree for money, and that defendants be restrained from selling or encumbering their real estate until he gets the money.

Plaintiff asks that defendants be restrained from selling or encumbering their real estate because they fraudulently propose to conceal their assets, and fraudulently intend to remove the same from plaintiff's rightful claims.

Plaintiff cites no authority for this novel proposition, and indeed it would be a dangerous precedent to set, for then any creditor could tie up the real estate of his debtor by the simple expedient of going into equity with a bill averring that the debtor fraudulently intended to sell and remove his assets beyond the creditor's grasp.

We are inclined to agree with counsel for plaintiff, that the statute of frauds has nothing to do with this case, for this is an action against defendants for the breach of a contract partly written, partly oral, to sell real estate. An oral agreement to sell land cannot be specifically enforced, but an action for damages will lie for the breach of such an agreement: Immel v.

Herb, 43 Pa. Superior Ct. 111; Stephens v. Barnes, 30 Pa. Superior Ct. 127; Swayne v. Swayne, 19 Pa. Superior Ct. 160.

The only question then before us is whether this suit is properly in a court of equity, when plaintiff has an adequate remedy at law. Counsel for plaintiff contends that equity has jurisdiction, because fraud is alleged, and because equity furnishes a more complete and adequate remedy.

Courts of law are as scrupulous, reasonable and just where fraud is alleged, as courts of equity, and fraud is just as good a weapon of offense and defense in law as in equity. Of course there are cases in which courts of law cannot get at the fraud, such as setting aside a deed, etc., but this is not such a case. The mere allegation of fraud is not of itself sufficient to vest a court of equity with jurisdiction.

Nor can we agree that equity furnishes a more complete and adequate remedy in this case. We have examined all the cases cited by counsel for plaintiff in his brief, on this phase of the case, and the facts in none of them resemble the facts here before us. We have here a claim for money damages, for the breach of a contract, and for such a claim plaintiff has a plain, adequate and complete remedy at law.

Defendants, by raising the preliminary objection that plaintiff has an adequate remedy at law, show that they desire a jury trial, and such a trial should only be denied in clear cases, and this is not such a case.

The second preliminary objection to the bill, namely, that plaintiff has an adequate remedy at law, is sustained, and in compliance with section 2 of the Act of June 7, 1907, P. L. 440, the following decree is entered: And now, December 5, 1946, the case is certified to the law side of the court, at the costs of plaintiff.