## ESTATE OF JOHN DOWIE, DECEASED.

### APPEAL BY M. MCNULTY FROM THE ORPHANS' COURT OF ELK COUNTY.

Argued May 8, 1890—Decided May 19, 1890.

1. In proceedings in the Orphans' Court, to enforce performance of a decedent's contract to convey lands, evidence that one of two administrators of the deceased vendor, upon statements of the vendee to her but without personal knowledge, admitted that a payment of purchase money had been made to the vendor in his lifetime, is insufficient to bind the estate.

2. Under § 2 (d), act of May 23, 1887, P. L. 158, it is not the right of a third party, but the right of the client only, to object to the testimony of an attorney at law called to testify to confidential communications between himself and his client, although at the time of the offer the client is dead.

Before PAXSON, C. J., GREEN, CLARK, WILLIAMS and McCOLLUM, JJ.

No. 26 July Term 1890, Sup. Ct.; court below, No. 10 September Term 1887, O. C.

On September 30, 1887, Martin McNulty presented his petition praying upon the facts therein averred for a decree of

Statement of Facts.

specific performance of a contract in writing, wherein John Dowie, in his lifetime, covenanted to sell and convey to the petitioner a certain hotel property, the petitioner averring that all the purchase money had been paid by him. No answer was filed, but on May 31, 1888, *Mr. Geo. A. Rathbun* was appointed auditor to take the testimony and report the facts and law of the case.

From the first and supplemental reports of the auditor it was made to appear that on July 7, 1883, John Dowie covenanted by articles of agreement to convey to Martin McNulty the real estate described in the petition, for the sum of $4,500 payable in instalments, but died on January 24, 1885, intestate, before executing a conveyance. Christina Dowie, the widow of the deceased, and Robert Hawkins, received letters of administration upon his estate. Mrs. Dowie died September 29, 1887. Certain payments had been made upon the contract during the lifetime of Mr. Dowie, and other payments were made to the administrators after his death. The contention related solely to the question whether an instalment of $1,500, payable July 15, 1884, had been paid to Mr. Dowie in his lifetime.

The petitioner being excluded as an incompetent witness, the auditor examined certain irregular entries in books and certain papers offered in evidence, but excluded them from consideration. As evidence tending to establish the payment of the disputed instalment, testimony was offered as to what took place at a meeting between Mrs. Dowie and the petitioner, in the presence of Mr. Harry A. Hall, then representing Mrs. Dowie, as her attorney, and another witness. At that meeting, which was on June 1, 1886, Mrs. Dowie, as found by the auditor, said she was satisfied from the statements of Mr. McNulty that the $1,500 instalment had been paid to Mr. Dowie in his lifetime, but there was no evidence that she had any personal knowledge upon the subject, and the other administrator was not present. Mr. Hall was called, and, under objection on the part of the petitioner that the conversation to be detailed was privileged,* testified that on June 1, 1886, he had a long talk with Mrs. Dowie about the matter; that she

---

* No other ground of objection appeared on the record.

Opinion of Court below.

said she did not believe that the petitioner had paid the money, but he was her son-in-law, and rather than have any further trouble about it she would lose the $1,500; that the witness told her she had no power to settle the controversy as the title to the property was in the children; and the only way for McNulty to get title was to prove the contract and his payments in the Orphans' Court, and that her settlement would not be binding upon her, upon her co-administrator, or upon the witness as the guardian of the children, but that she said to him she had made up her mind to settle it and have peace in the family.

The auditor found that the alleged settlement of June 1, 1886, was not binding upon the estate, and reported a decree that upon payment by the petitioner to Robert Hawkins, surviving administrator, of $1,385.49, with interest from June 1, 1886, the administrator should execute and deliver a deed to him for the premises described in the petition.

To the findings of the auditor, as reported, the petitioner filed exceptions alleging that the auditor erred in finding that the alleged settlement on June 1, 1886, was not binding upon the estate, and in "admitting the evidence of Harry A. Hall, attorney, as to conversations and consultations had with Mrs. Dowie, his client, in his lifetime, which were in a professional capacity and of a confidential nature, and to which he was not permitted to testify by statute."

Said exceptions having been argued, the court, MAYER, P. J., filed the following opinion:

A careful examination of the evidence and report of the auditor has not satisfied us that he can be convicted of error. The auditor would certainly have been in error had he based his report upon the books and papers offered by McNulty to charge the estate of John Dowie. They were not legitimate evidence and the auditor was right in disregarding them. No error was committed by the auditor in not finding that a settlement had been made between the administratrix and Martin McNulty which was binding upon the estate. This settlement was not based upon any legal evidence, and the administratrix was not justified in making such settlement. The auditor cannot be convicted of error in admitting the

Opinion of the Court.

testimony of Harry A. Hall, Esq., as to conversation had with Mrs. Dowie, his client. McNulty cannot object to the reception of this evidence, even if the testimony was of a confidential character. Hall was not the attorney of McNulty, and it was not in his power to object. It is the privilege of the client to object, and not of a stranger, even if the testimony objected to was a privileged communication.

We discover nothing in the exceptions to justify us in reversing the report of the auditor. The exceptions are accordingly dismissed, and the report of the auditor is confirmed absolutely.

—The decree recommended by the auditor having been entered, the petitioner took this appeal, specifying that the court erred in dismissing his exceptions, in confirming the auditor's report, and in entering the decree recommended.

*Mr. A. L. Cole*, for the appellant.

As to the binding effect of the settlement, counsel cited: Grace v. Sutton, 5 W. 543; Beltzhoover v. Darragh, 16 S. & R. 337; Holmes's App., 79 Pa. 279; Bruner's App., 57 Pa. 46.

*Mr. Harry A. Hall*, for the appellee, was not heard.

In the brief filed, counsel cited: Hoffner v. Wynkoop, 97 Pa. 130; Ake's App., 74 Pa. 116; Brady's App., 66 Pa. 277; Freetly v. Barnhart, 51 Pa. 279; Holmes's App., 77 Pa. 50; Chess's App., 4 Pa. 52; Weise's App., 72 Pa. 351; Hall v. Boyd, 6 Pa. 267.

PER CURIAM:

This decree is affirmed upon the opinion of the learned judge of the Orphans' Court, and the appeal dismissed at the costs of the appellant.

Decree affirmed.