## Loutzenhiser, Appellant, *v.* Doddo.

Argued October 10, 1969. Before Bell, C. J., Jones, Cohen, Eagen, O'Brien, Roberts and Pomeroy, JJ.

*Nathan Routman,* with him *Routman, Moore, Goldstone & Valentino,* for appellant.

*P. R. Bartholomew,* with him *Donald R. McKay,* and *Cusick, Madden, Joyce & McKay,* for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, January 9, 1970:

This is an appeal from the decree of the lower Court refusing to declare a deed to land in Hempfield Township, Mercer County, Pennsylvania, null and void.

The appellant, Marvin R. Loutzenhiser, a single man 72 years old, was the owner of approximately 8½ acres of land in Hempfield Township, upon which were erected four finished houses and a fifth house which was partially completed. Appellant had leased three of the finished houses to various tenants and relied partially upon the rent therefrom for his subsistence. In the spring of 1966, appellant contacted Robert F. Banks, an attorney, and told him that he wanted to transfer his real estate to Amy Doddo,* his niece, and to John Loutzenhiser,** his nephew. Amy was to be deeded three finished houses and John was to receive one finished house and the house under construction.

The record shows that the motivation and reason for these transfers was appellant's desire, primarily, to avoid Federal Estate taxes and State Inheritance taxes and, incidentally, to have Amy and her husband, Archie Doddo, come and live in a house on his property and be in a position to take care of him.

---

* Hereinafter referred to as Amy.

** Hereinafter referred to as John.

In September 1966, Amy and her husband gave up their home in Transfer, Mercer County, Pennsylvania, and moved into the main house on appellant's property on Donation Road, Hempfield Township. Appellant moved into a cottage on the same property, with the expectation of moving into the partially constructed house when it was completed. The main house was in run-down condition and Amy and her husband renovated it, and paid the expenses of renovation.

Appellant executed deeds to the properties, which were prepared by his attorney, Banks, and dated October 10th and 11th, 1966. At the suggestion of Banks, a conference was held with all the interested parties for the purpose of effecting delivery of the deeds. At this conference, it was discovered that the name of John's wife was incorrectly stated in one of the deeds, and therefore it was necessary to retype the deed. During the conference, *Banks explained to appellant* that the conveyances to his niece and nephew must be *without "any strings attached,"* if he was to accomplish his purpose of avoiding estate and inheritance taxes.*

---

* Section 2036 of the Internal Revenue Code of 1954 provides: "(a) General Rule.—The value of the gross estate shall include the value of all property to the extent of any interest therein of which the decedent has at any time made a transfer (except in case of a bona fide sale for an adequate and full consideration in money or money's worth), by trust or otherwise, under which he has retained for his life or for any period not ascertainable without reference to his death or for any period which does not in fact end before his death—(1) the possession or enjoyment of, or the right to the income from, the property . . . ."

Section 224 of the Inheritance and Estate Tax Act of 1961 provides: "A transfer conforming to section 221(a), and under which the transferor expressly or impliedly reserves for his life or any period which does not in fact end before his death, (1) the possession or enjoyment of, or the right to the income from, the property transferred . . . is subject to tax under this act." Act of June 15, 1961, P. L. 373, §224, 72 P.S. §2485-224. This principle has long been established in the Courts of Pennsylvania. See, *DuBois Appeal*, 121 Pa. 368, 15 Atl. 641 (1888).

Banks suggested that appellant pay rent to John, for the privilege of occupying a portion of the property being conveyed to John, in order to insure that the transferred property would not be included in appellant's estate for tax purposes. Appellant agreed to pay John $24 a month for rent. Banks also suggested, and *the parties agreed, that the grantees (donees) pay all recording costs, transfer taxes and attorney's fees in connection with the conveyances.*

Because of the error in one of the aforesaid deeds to John, a new deed was drawn by Banks on *January 3, 1967.* All of these deeds were subsequently executed and acknowledged by appellant and returned to Banks's office. Banks then recorded these deeds in the Recorder's Office of Mercer County.

Appellant testified that he transferred the property to his niece Amy and his nephew John upon the condition that they "come across with something." Accordingly, on *January 12, 1967,* appellant demanded that John and Amy (and her husband) pay him rent for the houses on the property which he had conveyed to them. Both Amy and John complied. In February, appellant again demanded the monthly rents, plus an additional $600 for the purpose of completing the partially constructed house—his future residence. The parties were unable to arrive at an agreement concerning the money. John reconveyed to appellant the property which was recorded in John's name. Amy and her husband refused to reconvey or to pay any more rent; hence this suit.

Appellant contends that Banks, whom he had selected as his attorney but whose fee and recording costs were to be paid by the grantees, had no authority to record or deliver the deeds to Amy and John, and, accordingly, there had not been a consummated gift of the property to his niece, Amy, and her husband.

In order to constitute a valid gift inter vivos, there must coincide "(1) a donative intent upon the part of

the grantor, i.e., an intent to make a gift to the grantee then and there, when the deed was executed; [and] (2) a delivery of the deed to the grantee, either actual or constructive, which divested the donor of all dominion over the property and invested the donee therewith. Swartz v. Hafer, 354 Pa. 320, 47 A. 2d 224 (1946); Herr v. Bard, 355 Pa. 578, 50 A. 2d 280 (1947)." *Fiore v. Fiore,* 405 Pa. 303, 305-306, 174 A. 2d 858. See also, *Rankin v. Kabian,* 414 Pa. 554, 201 A. 2d 424.

"An executed agreement 'may be placed in the possession of a third person for delivery upon the happening of a specified contingency or event as, for example, the death of the donor; in such cases not only is the delivery valid, but it will be held to relate back to the time of the initial delivery if that be necessary to effectuate the donor's intention:' Pronzato v. Guerrina, 400 Pa. 521, 527, 163 A. 2d 297 (1960). Rynier Estate, 347 Pa. 471, 474, 475, 32 A. 2d 736 (1943). A major consideration in determining whether such a delivery has been made is '. . . the intention of the donor to transfer title to the donee, as manifested by his words and actions and by the circumstances surrounding the transaction.': Pronzato, supra, p. 528, again quoting from Rynier, supra. See also: Chambley v. Rumbaugh, 333 Pa. 319, 321, 5 A. 2d 171 (1939)." *Tallarico Estate,* 425 Pa. 280, 286, 228 A. 2d 736.

With respect to appellant's contentions that (1) he had never authorized Banks to record and deliver the deeds, and (2) he had no intent to make an unconditional gift, and (3) he never knew the deeds had been recorded, Banks (whose testimony was believed by the lower Court) testified as follows: "I know that sometime during the month of January he was in my office and he asked of me, did you get them . . . deeds recorded yet, and I said I did, and he never voiced any objection to me about having recorded them." On several other occasions the recording of the deeds was men-

tioned to appellant and he made no objection. Furthermore, approximately one week after the deeds were recorded, appellant met John on the street and said: "I see you are a big property owner in Hempfield Township." Therefore, even if it be assumed that appellant's intention to make a gift was not clearly manifested when he delivered the deeds to Banks' office, his subsequent acts clarified and evidenced that intention. See, *Chapple Estate*, 332 Pa. 168, 2 A. 2d 719.

The Chancellor stated that it was the lower Court's opinion "based on the testimony, that Marvin R. Loutzenhiser intended to deed the property in question to his niece, Amy Jean Doddo, and her husband, Archy LeRoy Doddo, and that a gift of this property was consummated and that the recording of the deed was done with the knowledge and consent of Marvin R. Loutzenhiser." The Chancellor's findings of fact are adequately supported by competent evidence, and especially if approved by the Court en banc, such findings will not be disturbed on appeal in the absence of an abuse of discretion or a capricious disbelief of the evidence. *Stiegelman v. Pennsylvania Yacht Club, Inc.*, 432 Pa. 111, 246 A. 2d 116; *Shapiro v. Shapiro*, 424 Pa. 120, 224 A. 2d 164; *Lanning Will*, 414 Pa. 313, 200 A. 2d 392; *Brown v. Gresh*, 402 Pa. 35, 165 A. 2d 629; *Sterrett v. Sterrett*, 401 Pa. 583, 166 A. 2d 1.

Appellant also contends that Banks's testimony was inadmissible because it was based upon privileged communications between attorney and client. We do not agree. The law is well settled that counsel shall not "be competent or permitted to testify to confidential communications made to him by his client or the client be compelled to disclose the same, unless in either case this privilege be waived upon the trial by the client." Act of May 23, 1887, P. L. 158, §5. However, this general rule has several well-established exceptions. A communication between an attorney and his client is

not privileged if (1) it takes place in the presence of a third person or of the adverse party (*Beisgen Estate,* 387 Pa. 425, 429, 128 A. 2d 52; *Burr Estate,* 381 Pa. 547, 113 A. 2d 712; *Cridge's Estate,* 289 Pa. 331, 336, 137 Atl. 455); (2) the attorney represents both parties to the transaction—in disputes between the parties inter se (*Tracy v. Tracy,* 377 Pa. 420, 105 A. 2d 122); and (3) the attorney is rebutting the client's attack on his integrity or professional competence (*Doll v. Loesel,* 288 Pa. 527, 136 Atl. 796). It is clear that Banks's testimony was admissible under the aforesaid exceptions.

We have considered all the other contentions of appellant and find no merit in any of them.

Decree affirmed; each party to pay own costs.

Mr. Justice COHEN concurs in the result.