## Lebeau v. Lebeau

*Maurice A. Nernberg,* for plaintiff.
*Henry E. Rea, Jr.,* for defendant.

DOYLE, *J.*, September 2, 1975—Plaintiff's complaint alleges that, in contravention of certain statutes, defendant intercepted, audited and may have recorded telephonic communications between plaintiff and an unknown person. Although no notice of deposition was filed with the prothonotary, defendant's counsel was deposed. During the deposition, plaintiff inquired whether or not anyone had intercepted by "wire-tapping" or by other electronic means, any telephone communications between defendant and other persons. Defendant was not present, but defendant's counsel refused to answer the question for the stated reason that any answer would violate the attorney-client privilege. Plaintiff, by motion, demands that we impose sanctions on counsel for defendant.

Act No. 89 of May 23, 1887, P.L. 158, sec. 5(d), 28 P.S. §321*, provides that counsel shall not be ". . . competent or permitted to testify to confidential communications made to him by his client . . . unless . . . this privilege be waived upon the trial by the client." The right to assert the privilege is personal to the client: Estate of John Dowie, 135 Pa. 210, 19 Atl. 936 (1890); Boyd v. Kilmer, 285 Pa. 533, 132 Atl. 709 (1926). The privilege may be asserted in discovery proceedings and "upon trial."

The record does not disclose the name or status of the person to whom notice of the deposition was directed. In the instant case, defendant should have been notified. Notification can be accomplished through counsel, and, as counsel appeared at the deposition, it may be that defendant was notified.

If defendant instructed her counsel to assert the privilege, this court will not compel counsel to

* When the "Judicial Code" is enacted, this statute would bear the simple citation: 42 Pa. C.S. §5928. See S.B. 935, P. N. 1075 (1975).

answer. The court does not have a record of the questions asked or the scope and nature of plaintiff's inquiries. Absent a showing of waiver or proof that the inquiries related to nonprivileged information, this court will not compel counsel to answer. In this case, the record is silent on whether the client was served with a subpoena to force her presence at the deposition so that she could assert her privilege. In such a situation, counsel may assert the privilege for the client, whether or not the client instructed him to assert the privilege.

Adequate legal representation requires that the client fully and frankly disclose to his lawyer all evidence anent his case. Such disclosure would seldom be forthcoming if the enforceable privilege of confidentiality did not exist. One of the cogent reasons which impelled the legislature to create the privilege was to assure full disclosure and its sequel, informed legal representation.

The all too frequently maligned legal profession would be ill served, and its clients even less well served, if courts were to permit a lawyer to testify where a client expressly or impliedly asserts, or inferentially may be deemed to have asserted, the privilege, or where a client is not afforded the right to assert the privilege. This court adheres closely to the ancient wisdom: jus dicere, et non jus dare. Nevertheless, the unified judicial system would welcome a revision of the statutory privilege to interdict absolutely the disclosure by a lawyer of any communication made to him by a client.

An appropriate order will be entered.

## ORDER

And now, September 2, 1975, after considering arguments of counsel, it is hereby ordered that plaintiff's motion for sanctions is denied and dismissed.