## Freedman v. First Federal S. & L. Assn.

*Joseph J. Bernstein,* for plaintiff.
*Gordon F. Harrington,* for defendants.

DOYLE, *J.,* October 27, 1975—The complaint alleges that defendant, directors of the defendant savings and loan association ("S & L") et al., maliciously conspired to cause plaintiff to be arrested and indicted for commission of a felony, offering for sale a mobile home from which the manufacturer's serial number had been removed. An order of nolle pros. was entered because, inter alia, the statute of limitations had run. Defendants are also charged with concealing evidence from the prosecutors. Defendant, Louis D. Cooper, Esq. ("Cooper") is a member of the bar of this court and a director of defendant S & L and solicitor for defendant S & L.

Plaintiff deposed all of the individual defendants.

At his deposition, Cooper, on behalf of his client, the S & L, asserted the lawyer-client privilege and refused to testify. Plaintiff has filed a motion to compel defendant Cooper to answer questions upon oral deposition, which is before us for disposition. The issue is whether the information sought falls within the lawyer-client privilege.

Act No. 89 of May 28, 1887, P. L. 158, sec. 5(d), 28PS §321, provides that counsel shall not be ". . . competent to testify to confidential communications made to him by his client . . . unless . . . this privilege is waived upon the trial by the client." The right to assert the privilege is personal to the client: Dowie Estate, 135 Pa. 210, 19 Atl. 936 (1890); Boyd v. Kilmer, 285 Pa. 533, 132 Atl. 709 (1926).The privilege may be asserted in discovery proceedings and "upon trial." See Lebeau v. Lebeau, —D. & C. 2d — (1975), wherein it was stated:

"Adequate legal representation requires that the client fully and frankly disclose to his lawyer all evidence anent his case. Such disclosure would seldom be forthcoming if the enforceable privilege of confidentiality did not exist. One of the cogent reasons which impelled the legislature to create the privilege was to assure full disclosure and its sequel, informed legal representation.

"The all too frequently maligned legal profession would be ill served, and its clients even less well served, if the courts were to permit a lawyer to testify where a client expressly or impliedly asserts, or inferentially may be deemed to have asserted, the privilege, or where a client is not afforded the right to assert the privilege. This court adheres closely to the ancient wisdom: jus dicere et non jus dare. Nevertheless, the unified judicial system

would welcome a revision of the statutory privilege to interdict absolutely the disclosure by a lawyer of any communication made to him by a client."

The confidential matter uttered by the client to Cooper falls within the asserted privilege. This is so even though the client is a corporation and some natural person must have made the disclosure to Cooper and must have asserted the privilege on behalf of the corporate defendant.

Plaintiff also filed a motion for discovery by production and inspection of documents seeking to obtain information to prepare a judicially permitted amended complaint. Although plaintiff has deposed 11 defendants, he now seeks to inspect the minutes of the board of directors ("board") for the years 1971-72; reports made by two defendants regarding investigations allegedly made by them; copies of affidavits allegedly made by plaintiff to the investigator-defendants; copies of expense reimbursement vouchers and records and reports concerning "field trips" made by investigator-defendants.

Pa. R.C.P. 4009 establishes plaintiff's right to inspect documents which will substantially aid him in preparing pleadings limited by Pa. R.C.P. 4011(e), which provides that:

"No discovery or inspection shall be permitted which

". . .

"(d) would disclose the existence or location of reports, memoranda, statements, information or other things made or secured by any person or party in anticipation of litigation or in preparation for trial. . ."

Plaintiff has already deposed defendants and now wishes to further force them through more

discovery procedures to produce documents the production of which is plainly interdicted by Rule 4011(d), supra, and is oppressive within the meaning of Rule 4011(b), particularly in view of the matter contained in the deposition of Pennsylvania State Policeman Spinnenweber which indicates that he conferred only with Commonwealth and Allegheny County officials and two of defendants prior to instituting the criminal charges against plaintiff.

We will not permit this additional discovery under these circumstances.

An appropriate order will be entered.

## ORDER

And now, October 27, 1975, after considering plaintiff's motions, defendants' answers and the briefs and arguments of counsel, plaintiff's motion to compel counsel to testify and plaintiff's motion to compel production of documents are refused.