## Nedrow v. Pa. National Mutual Casualty Insurance Co.

*Daniel W. Rullo,* for plaintiff.
*Frank A. Orban, Jr.,* for defendant.

SHAULIS, *J.,* November 4, 1981—This case is before the court presently[1] on plaintiff's motion for sanctions pursuant to Pa.R.C.P. 4019 requesting that defendant be ordered to furnish plaintiff certain materials concerning prior litigation in which plaintiff's interests were allegedly represented by defendant. Plaintiff served defendant with a formal Request for Production and Inspection of Tangible Things pursuant to Pa.R.C.P. 4009 and defendant answered by producting parts of the requested information. Defendant withheld, however, a significant portion of the requested materials basing the nondisclosure on what defendant termed "privilege." This motion is an attempt to force defendant to produce those items it considers privileged.[2]

The facts in this case are quite complex and need not be detailed here. However, a short summary is essential. Plaintiff was sued in two actions in the Federal District Court of Western Pennsylvania in 1975. These cases were consolidated for trial and defendant here, plaintiff's insurance company, de-

1. This court considered preliminary objections in this case previously and by order dated July 28, 1981 a number of counts to the complaint were dismissed.

2. Plaintiff is asking for the entire file of defendant and the attorney who actually defended the previous case; John C. Carlin of Mercer, Mercer, Carlin & Scully, Pittsburgh, Pa.

fended those actions. Allegedly, during the trial, plaintiff in those cases stated he would accept as a settlement, the maximum amount recoverable under the insurance policy, which was $25,000. Defendant refused to settle and the jury returned a verdict against plaintiff in the amount of $213,493, greatly in excess of the policy limits. Plaintiff now is suing defendant alleging that defendant breached its fiduciary duty to its insured and subsequently represented plaintiff in bad faith. This motion seeks to obtain discovery of materials which would indicate why, inter alia, defendant refused to settle the claim for the policy limits.

In support of its refusal to disclose certain information defendant puts forth two arguments, both under the rubric of "privilege." Initially, defendant asserts that the attorney representing it was not, during the lawsuit and in preparation therefor, representing plaintiff. Thus, defendant argues, the communications between it and its attorney in the prior action are covered by the attorney-client privilege. Secondly, defendant avers that materials accumulated by or prepared by the attorney during the litigation, are the work product of the attorney and, consequently, not subject to discovery. In the present case, both arguments are unfounded.

It is a well settled principle in Pennsylvania that when an insurance company undertakes the defense of a claim against its insured, it and the attorney employed by it represent the insured himself. A fiduciary relationship is created and the insurance company must act in good faith and with due care in representing the interests of the policyholder. Also, where counsel represents both sides to a transaction or two parties in a transaction, no privilege exists to withhold communications made by coun-

sel to either client, when a dispute arises between the clients. Loutzenhiser v. Doddo, 436 Pa. 512, 519, 260 A.2d 745; 748 (1970); Tracy v. Tracy, 377 Pa. 420, 424, 105 A.2d 122; 125 (1954). Thus, in this case, when the insurance company undertook to defend the claim, counsel represented both the insurance company and the insured, and thus now no attorney-client privilege exists and the desired material is not protected on that ground.

Regarding defendant's argument that the information is protected from discovery because it is the work product of the attorney, the new Pennsylvania Rules of Civil Procedure deal precisely with the issue before us. Rule 4003.3, which became effective April 16, 1979, concerns the scope of discovery of material prepared in anticipation of litigation or trial.[3] It expressly prohibits discovery of an attorney's mental impressions, his conclusions, opinions, memoranda, notes or summaries, legal research or legal theories. However, in the explanatory note to the rule, the commentators advise that there are situations where this information is discoverable. Spe-

---

3. Rule 4003.3. Scope of Discovery. Trial Preparation Material Generally.

Subject to the provisions of Rules 4003.4 and 4003.5, a party may obtain discovery of any matter discoverable under Rule 4003.1 even though prepared in anticipation of litigation or trial by or for another party or by or for that other party's representative, including his attorney, consultant, surety, indemnitor, insurer or agent. The discovery shall not include disclosure of the mental impressions of a party's attorney or his conclusions, opinions, memoranda, notes or summaries, legal research or legal theories. With respect to the representative of a party other than the party's attorney, discovery shall not include disclosure of his mental impressions, conclusions or opinions respecting the value or merit of a claim or defense or respecting strategy or tactics.

cifically, it states that where a legal opinion of an attorney as to the value or merit of a claim becomes a relevant issue in a second action, it is not protected against discovery in that litigation; even though it was not discoverable in the original litigation. The commentators go on to cite as an example of a case wherein discovery of this type of material is permitted, a suit brought against an insurance carrier for unreasonable refusal to settle, resulting in a judgment against the insured in an amount in excess of the insurance coverage. That is the instant case. The basis of the bad faith claim lies in the reasons for defendant's refusal to settle within the policy limits. Those reasons may very well be found in defendant's files.

It should be noted that Rule 4003.3 expands greatly the material that may now be discovered. But even under the old rule, Rule 4011, which expressly prohibited discovery of material prepared in anticipation of litigation or trial, the courts were willing, in bad faith representation cases, to permit discovery of material prepared for another trial and an attorney's opinions and conclusions with respect thereto. See Pile v. Nationwide Mutual Ins. Co., 35 Somerset L.J. 326 (1978); Schultz v. Mt. Vernon Fire Ins. Co., 2 D.&C. 3d 627 (1976); Trzesniowski v. Erie Ins. Exchange, 59 D.&C. 2d 44 (1973).[4] It is our conclusion that if discovery, in cases like these, was permitted under the older, more restrictive rule, it is permitted today under the newer, more expansive rule.

---

4. Pyle v. Nationwide, Schultz v. Mt. Vernon and Trzesniowski v. Erie were all decided before the effective date of the new rule.

Our search of the law has uncovered only two cases which interpret the relevant portion of Rule 4003.3. Harvey v. Whatley, 2 Phila. 433 (1979); and Wills v. Pennsylvania Millers Mutual Ins. Co., Inc., 14 D.&C. 3d 705 (1980).[5] Harvey v. Whatley, a bad faith case very similar to the instant one, permitted discovery of opinions in the insurance company's file made in anticipation of the litigation in which the insurance company allegedly acted in bad faith because such opinions were necessary to prove the claim. However, in Wills v. Millers Mutual, another bad faith case, the court stated that it was improper, under the new rule, to permit discovery of counsel's recommendations to the insurance company absent a prima facie showing of fraud at either an evidentiary hearing or at trial. In this particular instance, the court concluded in the interest of judicial economy, not to have an evidentiary hearing but to require the proof at trial. The court emphasized that it was not ruling that the information requested would never be discoverable but rather, only that more than mere allegations of fraud were required to order discovery of such a sensitive matter. From our analysis, it is our belief that Harvey v. Whatley more appropriately explains and applies Rule 4003.3, and it is our desire to follow that application. We do, however, acknowledge the sensitivity of the issue and the possibility that within the information requested there may be some material which in some way may be protected. Therefore, we direct, following the advice of the commentators of Rule 4003.3 and Harvey v. Whatley, that the entire file of the insurance company and its attorney regarding

5. See Little v. Allstate Ins. Co., 16 D.&C. 3d 110 (1980) for a discussion of Rule 4003.3 involving materials prepared only by a representative of defendant other than its attorney.

the prior litigation, be forwarded to the court for an *in camera* examination and subsequent determination of the materials to be disclosed.[6]

Finally, regarding defendant's contention that the formal request for production of documents applies to a time frame beyond the relevant periods, it is our belief that defendant is misinterpreting the request. The request asks only for all materials after defendant had notice of the original accident, not the date of the accident. Secondly, defendant's representation of plaintiff, insured, does not cease until all avenues of litigation are exhausted, including the appellate process. Thus, plaintiff's claim for bad faith representation includes defendant's decision not to appeal and what was considered when making that decision is relevant to the present claim. Plaintiff's request for information extending 30 days from the date of denial of post trial motions is proper.

---

6. All the cases cited by plaintiff in his argument to the court on this motion required court determination of the materials to be disclosed, if requested. Pyle v. Nationwide decided by this court permitted discovery of the entire file of the insurance company and its attorney subject to any objections of counsel to the discoverability of specific items in the files. If objections were raised, a hearing was to be held to determine whether the item should be produced. Schultz v. Mt. Vernon and Trzesniowski v. Erie, both permitted discovery of the entire files subject to an *in camera* inspection by the court to determine just what was discoverable. As additional support for not permitting unsupervised disclosure, the courts in Schultz and Trzesniowski stated that the rule, Rule 4009, required production of only designated tangible things and a request for one's entire file simply was not specific enough. Thus, for the protection of both parties, an *in camera* inspection was ordered where the files could be examined and the court could make the appropriate determination. Such is the case with the current Rule 4009.

## ORDER

And now, this December 30, 1981, the files or a true, correct and complete photo copy thereof of the Pennsylvania National Mutual Casualty Insurance Company concerning claims by Edward G. Alcorn against the insured, Orn Nedrow, plaintiff, under policy number 307-25-41-41 and tried at January term, 1979, in the U.S. District Court, Western District of Pennsylvania, and the similar file of John C. Carlin or his associates in the firm of Mercer, Mercer, Carlin & Scully, counsel employed by Pennsylvania National Mutual Casualty Insurance Company in the aforesaid law suit, which includes the general categories of reports, letters, statements or documents prayed for in the motion of plaintiff of January 12, 1981, shall within 20 days of the date of this order be furnished sealed to this court from which this court shall make a determination of such portions of the said file as are the proper subject for inspection and reproduction pursuant to Pa.R.C.P. 4009(1), of which a copy shall then be furnished to counsel for plaintiff and the balance of the file shall be sealed and made a part of the records of this court to be opened only upon proper application and subsequent court order.