## Smith v. St. Luke's Hospital

*Joseph F. Leeson, Jr.,* for plaintiff.

*Dennis F. Feeley,* for defendants St. Luke's Hospital, Sandra A. McNear, Eileen L. Palmer, Jane Doe, Jane Roe and John Doe.

*Boyd H. Walker,* for defendants George O. Maish & Gladys D. Morales.

WILLIAMS, *P.J.,* December 26, 1984—Before the court is plaintiff's motion for sanctions, filed in response to defendant Maish's refusal to honor a request for production of statements and documents. More specifically, plaintiff's discovery request seeks, inter alia, the claims and investigation files of defendant Maish's insurer. Counsel for Maish contends that the entire contents of those files are confidential, asserting a claim of attorney-client privilege. Plaintiff argues that defendant cannot clothe

an otherwise discoverable document with a cloak of confidentiality or privilege merely because it has passed through the hands of an attorney. After conference with counsel, we have agreed to review defendant Maish's files en camera and we have received legal memoranda from counsel.

The primary document sought by plaintiff is a printed questionnaire prepared by defendant's insurer and sent to defendant Maish with instructions to forward the completed document to his defense counsel. Upon receipt of the completed document, counsel for the doctor forwarded a copy to the insurance company's adjuster.

On these facts, plaintiff contends that (1) the questionnaire was not a privileged communication; and (2) if the completed questionnaire is found to have been a privileged communication, defendant waived that privilege when his attorney forwarded a copy of the document to defendant's insurer.

The relevant rules of discovery governing this motion are Pa.R.C.P. 4003.1, which permits a party to discover any relevant matter which is not privileged; Pa.R.C.P. 4003.3, which specifically permits discovery of relevant matters prepared in anticipation of litigation; Pa.R.C.P. 4003.4, which permits discovery of prior (written) statements of a party or a witness; and Pa.R.C.P. 4011, which bars discovery of any matter which is privileged.

We must initially determine whether the document sought by plaintiff, apparently a standard questionnaire which is prepared by an insurance company and issued to its insured with instructions to complete it, is a privileged communication where the insurance adjuster directed the insured to forward the completed questionnaire to defense counsel engaged by the insurer. If the document is a privileged communication, then we must determine

whether the insured's privilege was waived by his counsel's action in forwarding a copy to the insurance adjuster. If the document is not a privileged communication, we must determine whether it is nevertheless protected under a theory of work-product privilege.

Defendant Maish has directed the court's attention to two Allegheny County opinions which deal with similar discovery requests. We note at the outset that, although we are not bound by these opinions, they are entitled to appropriate consideration, particularly in view of the absence of Pennsylvania appellate authority on this issue.

The Allegheny court held, in Piro v. Bell, 25 D.&.C.3d 668 (1981), that a claim questionnaire, similar to the document at issue, was not a privileged communication. In Piro, however, the completed questionnaire was returned directly to the insurer prior to retention of counsel by either the insured or the carrier. Under those circumstances, the Allegheny court was reluctant to find any privileged communication and denied the insured's request for a protective order as to that document. Shortly thereafter, however, in a case similar to the one at bar, the Allegheny court held that when the questionnaire is returned directly to defense counsel by the insured it is a privileged communication even though counsel had then duplicated the completed document and forwarded a copy to the insurance adjuster. O'Brien v. Tuttle, 21 D.&C.3d 319 (1981). Distinguishing its opinion in Piro, the Allegheny court held that the relationship among an insurance carrier, its insured and counsel for the carrier is "a joint representation by a common attorney for the mutual benefit of both the insured and the carrier," and, therefore, the claim questionnaire is a

confidential communication protected by the attorney-client privilege.

In 1983, Judge Wettick had an opportunity to further interpret his rulings in Piro and O'Brien. In a matter factually similar to O'Brien and to the matter before us, Judge Wettick ruled that a questionnaire which is completed by a physician, mailed to counsel and then forwarded to the physician's insurance carrier is protected by the attorney-client privilege if "throughout counsel's representation of the insured, the relationship which counsel established with the insured and the insurance carrier provided for counsel to protect the interests of the insured against the carrier." Serago v. East Suburban Hospital, 30 D.&C.3d 221 (1983). The reasoning behind such a conditional privilege is presumably that: (1) disclosure to a third party cannot be deemed to be a waiver of one's attorney-client privilege if such disclosure is done with the express intention of either protecting or promoting the client's best interest (Serago); and/or (2) disclosure to a third party with the express intention of either protecting or promoting the client's best interest is not deemed to be disclosure to a third party but communication with a joint client (O'Brien.).

## I. ATTORNEY-CLIENT PRIVILEGE

We are faced with a determination as to whether the document sought by plaintiff herein is a privileged communication. After thorough review of the parameters of the attorney-client privilege, we find that the questionnaire sought by plaintiff falls within those parameters and is, therefore, a privileged communication.

The controlling definition of the attorney-client privilege was set forth in United States v. United

Shoe Machinery Corp., 89 F. Supp. 357 (D.C., Mass. 1950):

"The privilege applies only if (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the lawyer was informed (a) by his client, (b) without the presence of strangers, (c) for the purpose of securing primarily either (i) an opinion of law or (ii) legal services or (iii) assistance in some legal proceedings, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client." Id. at 358. The general principle is that all professional communications are privileged and the burden of showing otherwise is upon the party alleging that the privilege does not apply. Estate of Kofsky, 487 Pa. 473, 409 A.2d 1358 (1980); Brennan v. Brennan, 281 Pa. Super. 362, 422 A.2d 510 (1980).

Thus, the privilege is a narrow one in that it protects only those disclosures which are necessary to obtain informed legal advice which might not have been made absent the privilege, Brennan v. Brennan, supra, but is, on the other hand, a pervasive privilege once invoked in that it applies not only to communications made to an attorney but also to communications made to agents of the attorney (i.e., law students, paralegals, investigators). Dabney v. Investment Corp. of America, 82 F.R.D. 464 (E.D., Pa. 1979); Commonwealth v. Hutchinson, 290 Pa. Super. 254, 434 A.2d 740 (1981). Communications made in the presence of third persons, not the agent of either client or attorney, are not privileged, Loutzenhiser v. Doddo, 436 Pa. 512, 260

A.2d 745 (1970), presumably because the necessary element of confidentiality is lacking.

Applying these standards to the matter at bar, we find that: (1) defendant Maish is a client (2) of an attorney who was acting at all relevant times as an attorney; (3) the communication involves facts of which the attorney was informed by defendant Maish, without the presence of strangers, for the purpose of securing legal services, not for the purpose of committing a crime or tort; and (4) the privilege has been claimed by defendant Maish.

On these facts, therefore, we conclude that the questionnaire at issue was and is a privileged communication.

## II. WAIVER

A privileged communication remains so unless the client waives his/her privilege. 42 Pa.C.S. §5928; Alexander v. Queen, 253 Pa. 195, 97 Atl. 1063 (1916).

When the advice of counsel is sought in the assistance of the commission of a continuation of criminal or fraudulent activity, the privilege of the protection is lost. Nadler v. Warner Co., 321 Pa. 139, 184 Atl. 3 (1936); Commonwealth v. Trolene, 263 Pa. Super. 303, 397 A.2d 1200 (1979). Likewise, when it is shown that the interests of the administration of justice can only be frustrated by the exercise of the privilege, the court may require that the communication be disclosed. Cohen v. Jenkintown Cab Company, 238 Pa. Super. 456, 357 A.2d 689 (1976); Brennan, supra.

"The court should *resolve all doubts in favor of non-disclosure,* so that a client should not be chagrined to learn that the confidences that he conveyed to his attorney have been revealed to his detriment and without his consent." Cohen, supra. The

privilege belongs to the client and may only be waived by the client. Dowie's Estate, 135 Pa. 210, 19 Atl. 936 (1890); Commonwealth v. McKenna, 206 Pa. Super. 317, 213 A.2d 223 (1965). However, the client may waive the privilege by certain actions on his/her part as well as by an express waiver. For example, there can be no claim of privilege as to facts which have already been publicly disclosed by the client. Richter v. Goldberg, 78 Pa. Super. 309 (1922). On the other hand, where two or more persons employ the same attorney in a controversy with a third person or persons, communications made in reference thereto are privileged as against the common adversary. Swayne v. Swayne, 19 Pa. Super. 160 (1851); Loutzenhiser v. Doddo, 436 Pa. 512, 260 A.2d 745 (1970).*

In the present case we must determine the effect of defense counsel's actions in disclosing a privileged communication to his client's insurer. Initially we note that the record before us is void of any clear indication concerning defendant Maish's actions. We must query whether defense counsel's actions, if taken without his client's express (or implied) consent, could ever serve to vitiate a privilege which belongs solely to the client. However, if we assume for the moment that in the matter before us counsel was acting with his client's consent, we reach the issue of whether disclosure of a privileged communication to the client's insurer vitiates the privilege.

We have difficulty in finding such a disclosure to be "public disclosure." The questionnaire at issue

---

* It is noteworthy that where two or more persons employ the same attorney in a controversy with third persons, communications made in reference thereto are not privileged as between the parties themselves, should they become adversaries.

was not the subject matter of a prior suit or of an agreement made in open court. The disclosure was made solely to the client's insurer for purposes of permitting the insurer to evaluate the case. We find that such disclosure is more akin to disclosure among joint clients, and thus find the questionnaire to remain a privileged communication as against the common adversary. In so finding, we acknowledge that the interests of defendant Maish and his insurer are potentially adverse. However, on the facts before us at this juncture in the proceedings, the two enjoy joint interests vis-a-vis plaintiff and for purposes of this determination can be considered joint clients of defense counsel.

We note with concern, however, that the occasion may arise whereby the clients' interests may become adverse and defense counsel must delineate his loyalties. There appears to be little question that in a situation such as this, where counsel is engaged by the insurer to represent its insured, counsel's loyalties are and must remain with the insured. Accordingly, we adopt Judge Wettick's proposal, as set forth in Serago, supra, which dictates that, in order for the privilege to survive disclosure to the insurer, counsel's allegiance to the insured alone must be clearly set forth by affidavit. "Counsel must advise this court by affidavit that throughout his representation of the insured, the relationship which counsel established with the insured and the insurance carrier provided for counsel to protect the interests of the insured against the insurance carrier." Serago, at 225. Without such an understanding, an attorney-client privilege cannot exist. Id. With such an understanding, we are satisfied that counsel's disclosure to the insurer is not a public disclosure but is disclosure to a joint client.

## III. WORK-PRODUCT PRIVILEGE

Pennsylvania Rule of Civil Procedure 4003.3 governs the scope of discovery as to trial preparation material. This amended rule radically changed prior practice as to discovery of documents, reports, etc., which were prepared in anticipation of litigation. Former Rule 4011(d) expressly prohibited such discovery. Rule 4003.3 permits discovery of an attorney's work product, subject, of course, to certain limitations.

"Subject to the provisions of Rules 4003.4 and 4003.5, a party may obtain discovery of any matter discoverable under Rule 4003.1 even though prepared in anticipation of litigation or trial by or for another party or by or for that other party's representative, including his attorney . . . [or] insurer. . . ." Pa.R.C.P. 4003.3. The rule goes on to limit such discovery:

"The discovery shall not include disclosure of the mental impressions of a party's attorney or his conclusions, opinions, memoranda, notes or summaries, legal research or legal theories. With respect to the representative of a party other than the party's attorney, discovery shall not include disclosure of his mental impressions, conclusions or opinions respecting the value or merit of a claim or defense or respecting strategy or tactics." Pa.R.C.P. 4003.3.

The rules committee's explanatory note following Rule 4003.3 is helpful in applying the rule. It states that:

"The rule is carefully drawn and means exactly what it says. It immunizes the lawyer's mental impressions, conclusions, opinions, memoranda, notes, summaries, legal research and legal theories, nothing more."

The questionnaire at issue does not contain any mental impressions, conclusions or opinions of defendant's attorney. Accordingly, we conclude that the questionnaire is not protected by a work-product privilege of defendant's attorney.

Similarly, we do not find, as defendant suggests, that the questionnaire represents the "mental impressions, conclusions or opinions . . ." of his insurer. Although the form of the questionnaire is a work-product of the insurer, after reviewing the document en camera we do not find that the questions themselves are opinions of the insurer regarding evaluation or strategy of a claim. Accordingly, we conclude that discovery of the questionnaire at issue is not protected by a work-product privilege of defendant's insurer.

## ORDER OF COURT

And now, this December 26, 1984, plaintiff's motion for sanctions is refused in accordance with the foregoing opinion. Counsel for defendant is directed to file an affidavit with the court in accordance with this opinion within 20 days. In default thereof, a copy of the completed questionnaire shall be furnished to counsel for plaintiff within 10 days thereafter.