J-A11040-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| DONALD M. DURKIN CONTRACTING, INC. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PAUL COTTRELL ESQUIRE, VICTORIA K. PETRONE, ESQUIRE AND TIGHE, COTTRELL & LOGAN, P.A. | |
| Appellants | No. 2513 EDA 2014 |

Appeal from the Order Entered on August 4, 2014
In the Court of Common Pleas of Bucks County
Civil Division at No.: 0804799-18-2

BEFORE:  FORD ELLIOTT, P.J.E., OLSON, J., and WECHT, J.

MEMORANDUM BY WECHT, J.:  **FILED SEPTEMBER 28, 2015**

Paul Cottrell, Esquire, Victoria K. Petrone, Esquire, and Tighe, Cottrell & Logan, P.A. ("TCL") (collectively "Appellants"), appeal the August 4, 2014 order that granted Donald M. Durkin Contracting, Inc.'s ("Durkin") motion to compel discovery.  We affirm.

On May 14, 2008, Durkin commenced litigation against Appellants by filing a writ of summons.  On December 3, 2010, Durkin filed a complaint in which he alleged that Appellants had pursued a frivolous lawsuit against Durkin.  On December 28, 2010, Appellants filed preliminary objections.  On January 10, 2011, Durkin filed an amended complaint.

In its amended complaint, Durkin averred (and Appellants admitted) that Cottrell and Petrone, at the time of the underlying lawsuit, worked at

TCL and represented the city of Newark, Delaware, in litigation filed by Durkin in the United States District Court of the District of Delaware. Amended Complaint, 1/10/2011, at 2-3; Answer, 5/8/2012, at 1. Durkin also averred that it entered into a contract with Newark to perform work in relation to the construction of a reservoir. Amended Complaint at 5. When Newark terminated that contract with Durkin, Durkin filed a complaint against Newark in federal court. *Id.* at 10. Appellants, on behalf of Newark, filed an answer, counterclaim, and a third-party complaint against Federal Insurance Agency ("Federal"), Durkin's surety. *Id.* Durkin alleged that Appellants knowingly made false claims in the counterclaim and third-party complaint. *Id.* at 11. The federal court dismissed the third-party complaint upon Federal's summary judgment motion, dismissed the counterclaim, granted Durkin summary judgment on the issue of improper termination of the contract, and granted Durkin sanctions for Appellants' failure to turn over discovery material. *Id.* at 14-15.

Based upon those alleged facts, Durkin's amended complaint raises claims for violations of the Dragonetti Act,[1] abuse of process, and intentional interference with contractual relations. *Id.* at 16-19. The trial court summarized the remaining procedural history of this case as follows:

> On January 31, 2011, [Appellants] filed Preliminary Objections to the Amended Complaint, . . . claiming that Bucks County was an

---

[1] *See* 42 Pa.C.S.A. § 8351 *et seq*.

improper venue. [Durkin] filed an Answer in Opposition to [Appellants'] Preliminary Objections to its Amended Complaint. On July 8, 2011, [Appellants] filed a Praecipe under [Local Rule] 208.3(b) to have their Preliminary Objections decided.

On November 2, 2011, [the trial court] ordered the parties to conduct relevant discovery as to the alleged improper venue issue within sixty (60) days. It was further ordered that upon receipt of memoranda from both parties and the re-submission of a Praecipe under 208.3(b) within ninety (90) days of the order, [Appellants'] objections to venue would be considered and ruled upon by [the trial court].

On January 31, 2012, both parties submitted their Memoranda and [Appellants] filed a Praecipe under 208.3(b).

On April 18, 2012, [the trial court] overruled [Appellants'] objections and granted leave to [Appellants] to file an Answer to [Durkin's] Amended Complaint. On May 8, 2012, [Appellants] filed their Answer, along with a Motion for Reconsideration of the April 18, 2012 Court order overruling their Preliminary Objections, claiming, yet again, that Bucks County was not a proper venue. On June 15, 2012, [the trial court] denied [Appellants'] Motion for Reconsideration.

On July 18, 2012, [Durkin] served [Appellants] with Interrogatories and Requests for Production of Documents. On August 24, 2012, [Appellants] served upon [Durkin] their Answers and Objections to the Interrogatories and Requests for Production of Documents.

On April 9, 2013, [Durkin] filed a Motion against [Appellants] to Determine their Objections and to Compel their Responses to Discovery Requests, along with Sanctions [as Appellants had responded with a claim of attorney-client privilege and/or work-product to most of the discovery requests]. A Rule to Show Cause was issued with a Rule Returnable Date of May 13, 2013. On May 7, 2013, [Appellants] filed a Response in Opposition to [Durkin's] Motion, which included New Matter. [Durkin] filed a Reply to [Appellants'] New Matter on April 9, 2014.

On May 1, 2014, [Durkin] filed a Praecipe under 208.3(b), along with a Memorandum of Law, to have its Motion to Determine Objections and to Compel Responses to Discovery Requests and for Sanctions Against [Appellants] ruled upon by the [trial court.

Appellants] filed their Memorandum of Law In Opposition to this Motion on May 12, 2014.

On July 30, 2014[,[2] the trial court] granted [Durkin's] Motion to Compel Discovery and ordered [Appellants] to provide the discovery requested by [Durkin] within forty-five (45) days of the date of the Order.  On August 29, 2014, [Appellants] filed their Notice of Appeal.

Trial Court Opinion ("T.C.O."), 11/6/2014, at 2-3.

On September 8, 2014, the trial court ordered Appellants to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).  On October 1, 2014, Appellants filed their concise statement.  The trial court believed that the concise statement was untimely filed, which would result in waiver of all of Appellants' issues.  **See** T.C.O. at 5-8.  We disagree.

Pa.R.A.P. 108(b) states that "[t]he date of entry of an order in a matter subject to the Pennsylvania Rules of Civil Procedure shall be the day on which the clerk makes the notation in the docket that notice of entry of the order had been given as required by Pa.R.Civ.P. 236(b)."  In this case, the trial court signed the Rule 1925(b) order on September 5, 2014.  It was docketed on September 8, 2014.  Attached to the order is a form indicating that the order had been mailed to the parties on September 5, 2014.  However, Rule 236(b) notice was not entered on the docket until September 11, 2014.  As Rule 108(b) states, the date of entry of the order is when the

---

[2]    The order was entered on August 4, 2014.

Rule 236(b) notice is entered on the docket. *See Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.*, 88 A.3d 222, 226 (Pa. Super. 2014) (holding that twenty-one-day time limit for concise statement began to run when Rule 236(b) notice was entered on the docket). Starting at September 11, 2014, Appellants' concise statement was filed on the twentieth day and, thus, was timely. Despite its belief that Appellants' concise statement was untimely, on November 6, 2014, the trial court addressed the merits of Appellants' claims in its Pa.R.A.P. 1925(a) opinion.

Appellants raise seven issues on appeal:

1. Should the appeal be quashed as reasoned by [the trial court] in its Opinion respecting the timing of the filing of a Statements of Matters [Complained] of on Appeal and/or as reasoned by the [trial court] in its Opinion with respect to the collateral nature of the appeal?

2. Did the [trial court] error [*sic*] in ordering the disclosure of privileged material protected under [f]ederal and Delaware law without engaging in a choice of law analysis?

3. Did the [trial court] error [*sic*] in ordering the disclosure of attorney-client communications and documents created under the work product doctrine?

4. Did the [trial court] error [*sic*] in ordering the disclosure of attorney-client communications between [Cottrell and Petrone] and their clients?

5. Did the [trial court] error [*sic*] in ordering the disclosure of attorney-client communications between [Cottrell and Petrone] and their own former attorneys as well as privileged materials in the possession of [Appellants'] former attorneys and [Appellants'] former insurers?

6. Did the [trial court] error [*sic*] in ordering the costly and unduly burdensome duplicate discovery of non-privileged materials/documents?

7. Did the [trial court] error [*sic*] in ordering the wholesale disclosure of privileged information/materials without providing any limitations or protections from further dissemination?

Appellants' Brief at 2-3.[3]

We have addressed part of Appellants' first issue in our discussion above of the timeliness of the Rule 1925(b) statement. We must next address the second part of the issue, and determine whether the August 4, 2014 order is appealable.

Appellants assert, without citation to authority,[4] that, because the August 4 order required disclosure of privileged materials, it is an appealable collateral order. Appellants' Brief at 22-24. The trial court states that the August 4 order is a discovery order, which generally is not appealable prior to a final judgment. T.C.O. at 8. The trial court found that the discovery issues are not separate from the underlying causes of action and that

_____

[3] Appellants' brief does not comply with our appellate rules of procedure. Rule 2119(a) directs that "[t]he argument shall be divided into as many parts as there are questions to be argued." Pa.R.A.P. 2119(a). The sections in Appellants' argument section do not match the questions presented and the brief does not contain sections or developed argument for the last two questions presented. Because Appellants provide no legal analysis and citation to authority for those two issues, we deem them waived. **See** Pa.R.A.P. 2119(a); **Coulter v. Ramsden**, 94 A.3d 1080, 1089 (Pa. Super. 2014).

[4] Appellants cite Pa.R.A.P. 313 and **Berkeyheiser v. A-Plus Investigations, Inc.**, 936 A.2d 1117, 1123-24 (Pa. Super. 2007), without any analysis or discussion, in their Statement of Jurisdiction. **See** Appellants' Brief at 1.

privileged material was not at issue. Because Appellants only gave a blanket statement of refusal to respond to Durkin's discovery requests and did not provide a list of the allegedly privileged documents they withheld, the trial court determined that Appellants did not make a colorable claim of privilege. *Id.* at 9-10.

An appeal may be taken as of right from any final order. Pa.R.A.P. 341(a). Because the underlying litigation is still ongoing, this clearly is not a final order. Nor is it an interlocutory appeal as of right or permission. **See** Pa.R.A.P. 311, 312. However, an order may also be appealable if it is a collateral order. "A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa.R.A.P. 313. We have consistently held that discovery orders that overrule claims of privilege are immediately appealable as collateral orders. **See Custom Designs & Mfg. Co. v. Sherwin-Williams Co.**, 39 A.3d 372, 375 (citing **Commonwealth v. Harris**, 32 A.3d 243 (Pa. 2011)); **T.M. v. Elwyn, Inc.**, 950 A.2d 1050, 1056 (Pa. Super. 2008).[5]

---

[5] The trial court asserted that there is not a colorable claim of attorney-client privilege in this case because Appellants have not provided a reason for the claim. However, case law does not support that position. In one case in which we determined that a colorable claim had not been made, the appellant consented to turn over discovery materials and did not invoke attorney-client privilege before the trial court. **See Law Office of Douglas**
*(Footnote Continued Next Page)*

Attorney-client privilege is deeply rooted in our law and, therefore, an important right. *See In re Thirty-Third Statewide Investigating Grand Jury*, 86 A.3d 204, 215-17 (Pa. 2014). Because disclosure cannot be undone, a claim of privilege is lost if review is postponed until a final judgment. *See T.M.*, 950 A.2d at 1058. This leave only the question of whether the issue of attorney-client privilege is separable from the underlying claims. Here, the documents are relevant to Durkin's claims, but we can analyze the issue of privilege without examining the underlying issues of Appellant's alleged wrongful use or abuse of process and interference with contractual relations. Therefore, all three prongs of the test for a collateral order have been met.[6]

Before discussing the merits of Appellants' remaining issues, we note that Appellants devoted a portion of their brief to developing an argument that the trial court erred in failing to sustain their preliminary objection to venue. Appellants' Brief at 24-29. This issue is waived. First, neither the

_(Footnote Continued)_ ⎯⎯⎯⎯⎯⎯⎯

*T. Harris, Esquire v. Philadelphia Waterfront Partners, LP*, 957 A.2d 1223, 1228-29 (Pa. Super. 2008). Here, Appellants have asserted a claim of attorney-client privilege before the trial court. We conclude that they have made a claim sufficient to reach the issue of whether the order is collateral.

[6] On October 20, 2104, Durkin filed a motion to quash this appeal upon the basis that the appealed order was neither final nor collateral. On December 4, 2014, we denied the motion without prejudice to Durkin's rights to raise the issue with the merits panel. To the extent that Durkin has re-raised the issue before this panel by including it in its brief and per the above discussion, we deny the motion to quash.

April 18, 2012 order that overruled the preliminary objections nor the June 15, 2012 order that denied the motion for reconsideration of that ruling has been appealed.[7] Second, Appellants have not included the issue in their statement of questions involved pursuant to Pa.R.A.P. 2116(a). Failure to include a question may be deemed a waiver of the issue. *See* Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby."); ***Southcentral Employment Corp. v. Birmingham Fire Ins. Co. of Pa.***, 926 A.2d 977, 983 (Pa. Super. 2007) ("[W]e note that this issue was not explicitly raised in [the appellant's] statement of the questions involved and is accordingly waived.").

Appellants next assert that either federal or Delaware law should apply to their claims of attorney-client privilege and/or work-product doctrine. Appellants first raised a choice of law issue in their January 9, 2013 motion for reconsideration.[8] Appellants raised it again in response to Durkin's motion to compel that precipitated the instant appealed order. The trial court did not explicitly address the choice of law issue in its August 4, 2014

---

[7] We express no opinion regarding whether these orders would be appealable.

[8] On January 2, 2013, a judge who had not been assigned to the case granted Durkin's motion to compel. Appellants filed a motion to reconsider. On January 14, 2013, that judge vacated the January 2 order and referred the motion to the assigned judge.

order, but it discussed its rationale for applying Pennsylvania law in its Rule 1925(a) opinion. T.C.O. at 15-17.

Pennsylvania law does not apply simply because Pennsylvania courts have jurisdiction. *Carbis Walker, LLP v. Hill, Barth & King, LLC*, 930 A.2d 573, 577 (Pa. Super. 2007) (quoting *Commonwealth v. Eichinger*, 915 A.2d 112, 113 (Pa. 2007)). However, we do apply Pennsylvania procedural law:

> Substantive law is the portion of the law which creates the rights and duties of the parties to a judicial proceeding, whereas procedural law is the set of rules which prescribe the steps by which the parties may have their respective rights and duties judicially enforced. Black's Law Dictionary, 1221, 1443 (7th ed.). Whenever Pennsylvania is the chosen forum state for a civil action, our state's procedural rules[,] *i.e.* the Pennsylvania Rules of Civil Procedure[,] govern, no matter what substantive law our courts must apply in resolving the underlying legal issues.

*Ferraro v. McCarthy-Pascuzzo*, 777 A.2d 1128, 1137 (Pa. Super. 2001) (citation modified).

As noted in *Ferraro*, the Rules of Civil Procedure are procedural rules. Our work-product doctrine is found in those rules. *See* Pa.R.C.P. 4003.3. Therefore, the work-product privilege presents a question of procedure. Thus, Pennsylvania law applies to claim of work-product privilege.

On the other hand, we have applied a choice of law analysis when dealing with waiver of the attorney-client privilege. *See Carbis Walker*, 930 A.2d at 578. In applying that analysis, we first must determine whether the laws of the competing states differ. If the laws do not differ, there is no

conflict, and we apply Pennsylvania law. *Id.* Appellants have only identified one difference between Pennsylvania's and Delaware's attorney-client privileges: to wit, Delaware's privilege extends to communications beyond an attorney and a client while Pennsylvania's statute does not. Appellants' Brief at 48.

Delaware's statute states, in pertinent part, as follows:

**(b) General rule of privilege.** A client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client (1) between the client or the client's representative and the client's lawyer or the lawyer's representative, (2) between the lawyer and the lawyer's representative, (3) by the client or the client's representative or the client's lawyer or a representative of the lawyer to a lawyer or a representative of a lawyer representing another in a matter of common interest, (4) between representatives of the client or between the client and a representative of the client, or (5) among lawyers and their representatives representing the same client.

D.R.E. 502(b). Pennsylvania's statute provides for a narrower privilege:

In a civil matter counsel shall not be competent or permitted to testify to confidential communications made to him by his client, nor shall the client be compelled to disclose the same, unless in either case this privilege is waived upon the trial by the client.

42 Pa.C.S.A § 5928. The bare text of the statutes would lead to a conclusion that Appellants are correct in their characterization of the differences in law.

However, in practice, this privilege has been defined by case law in a manner similar to Delaware's statute and that authority has extended the

- 11 -

privilege to include situations similar to those listed in Delaware's statute. *See Karoly v. Mancuso*, 65 A.3d 301, 314 (Pa. 2013) (stating conversations with a former attorney about case "may be protected" by privilege); *Red Vision Sys., Inc. v. Nat'l Real Estate Info. Serv., L.P.*, 108 A.3d 54, 60 (Pa. Super. 2015) (holding that the privilege extends to communications between attorney and agents or employees authorized to act on the client corporation's behalf); *Gould v. City of Aliquippa*, 750 A.2d 934, 937 (Pa. Cmwlth. 2000) (recognizing that government entity can claim privilege); *Commonwealth v. Simmons*, 719 A.2d 336, 343 (Pa. Super. 1998) (holding that privilege applies to communication with attorney's agent when it is for the purpose of facilitating legal advice); *Commonwealth v. Scarfo*, 611 A.2d 242, 265-66 (Pa. Super. 1992), *superseded by statute on other grounds as stated in Commonwealth v. Buck*, 709 A.2d 892 (Pa. 1996) (recognizing that privilege attaches when co-defendants prepare group defense with counsel); *Smith v. St. Luke's Hosp.*, 40 Pa. D. & C.3d 54, 61 (C.P. Northampton Cty. 1984) (holding questionnaire completed by client and disclosed to insurer by attorney was protected by privilege). Thus, whether Delaware and Pennsylvania law truly conflict is questionable.

Further, Appellants have not demonstrated that the application of Pennsylvania or Delaware law would result in a different outcome. Appellants identify the privileged information, in general, as "attorney-client communications made in the underlying case and in response to this claim,"

Appellants' Brief at 5, "communications between [Appellants] and their former client, the City," *id.* at 6-7, "documents evincing any discussion between [Appellants] and their former clients and discussions between [Appellants] and their own insurers," *id.* at 8, and "communication[s] between [Appellants] and the City's insurer," *id.* at 14. Given the above-cited case law and the Delaware statute, Appellants have not demonstrated that these types of communications, between an attorney and client, between an attorney and agent, or between an attorney and insurance carrier that is participating in a joint defense, would not be treated similarly under both Pennsylvania and Delaware law.

Because the privilege is not substantially different in the two jurisdictions, and because Appellants have not demonstrated that there is a conflict between the two bodies of law, there is no true conflict. Thus, Pennsylvania law applies to the attorney-client privilege issue as well.

In their remaining issues, Appellants assert that the trial court erred in requiring the disclosure of privileged materials. In a dispute over disclosure of privileged communications, our law imposes a shifting burden of proof. *Custom Designs & Mfg. Co.*, 39 A.3d at 376. The burden initially lies with the party invoking privilege to "set forth facts showing that the privilege has been properly invoked." *Id.* Once that occurs, the party seeking disclosure must demonstrate that the privilege does not apply, has been waived, or that the disclosure does not violate the privilege. *Id.* However, if the party invoking privilege "does not produce sufficient facts to show that the

- 13 -

privilege was properly invoked, then the burden never shifts, and the communication is not protected." *Id.*

The trial court noted that Appellants offered "only blanket statement refusals" in response to Durkin's discovery requests and never requested an *in camera* review of documents for privilege before this appeal. T.C.O. at 13. The trial court determined that Appellants did not meet their burden of setting forth facts demonstrating that the privilege had been sufficiently invoked. *Id.* at 14. Having reviewed Appellants' responses to Durkin's discovery requests, their response to Durkin's motion to compel, and their memorandum in support thereof, we agree with the trial court's characterization. Appellants have asserted that the information that Durkin seeks is protected, yet Appellants have not identified what that information is, what the particular communications are that would be responsive to the discovery request, who the holder of the privilege is, to whom the communication was made, or that the particular communication was made for the purpose of seeking legal advice. Because Appellants have not set forth sufficient facts to invoke the privilege, they have not met their

burden.[9] ***See Custom Designs & Mfg.***, *supra*. Therefore, the trial court did not err in ordering Appellants to provide the requested discovery.[10]

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 9/28/2015*

_____

[9]   Delaware also puts the burden of proving that the attorney-client privilege applies on the party asserting the privilege. ***See Moyer v. Moyer***, 602 A.2d 68, 72 (Del. 1992).

[10]   Moving forward, because the attorney-client privilege is a deeply rooted right, ***see In re Thirty-Third Statewide Investigating Grand Jury***, *supra*, the trial court should grant Appellants the opportunity to meet their burden that the privilege should apply should they seek to do so.